■ CHIH HONG SHEN et al., Respondents, v GERALD J. NEUFELD, INC., Appellant. [601 NYS2d 637] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated August 2, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"It is fundamental that a party in possession or control of real property may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm only after the lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm" *(Newsome v Cservak,* 130 AD2d 637). All the evidence presented by the parties in this case indicated that the accident in question occurred while the storm was still in progress. Accordingly, the defendant could not be held at fault for the alleged hazardous condition caused by the snow and ice on the sidewalk in the driveway leading from defendant's premises *(see, Newsome v Cservak, supra).* Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.

■ CATHERINE DeADDIO, Individually and as Parent and Natural Guardian of KYLE DeADDIO, an Infant, et al., Respondents, v PUTNAM HOSPITAL CENTER, Appellant, et al., Defendants. [602 NYS2d 554] —In an action to recover damages for medical malpractice, etc., the defendant Putnam Hospital Center appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated June 12, 1991, which denied its motion for a protective order pursuant to CPLR 3103 to the extent of directing it to serve upon the plaintiffs an unredacted copy of the minutes of a meeting of the Peer Review Committee and the names of the parties present.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the appellant's motion for a protective order, as the minutes in question fell within the exception to the privilege created by Education Law § 6527 (3) *(see, Scalone v Phelps Mem. Hosp. Ctr.,* 184 AD2d 65). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.