(October 25, 1993)

■ BANK OF NEW YORK, Appellant, v JACK GRANAT, Respondent. [602 NYS2d 942] —In an action to recover damages for breach of a credit agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated April 19, 1991, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Bank of New York (hereinafter the Bank) offered the defendant a $1,000,000 revolving line of credit secured by a mortgage on the defendant's residence. The credit line was to span a term of 10 years, after which the defendant's right to obtain advances would cease. During this 10 year period, the defendant was obligated to pay interest only. Thereafter, the defendant was to have 20 years to repay the advances on a "variable rate" basis.

Notably, the credit obligation executed by the defendant provided, *inter alia,* that any circumstance in which the mortgaged property was "no longer [the defendant's] resi-

dence" would constitute a default. A provision in the related mortgage further provided that the defendant would be entitled, *inter alia,* to written notice and an opportunity to cure in the event the Bank sought to terminate the credit line and demand immediate repayment based upon the defendant's failure to keep any promise "made in this Mortgage, including * * * the amounts that I owe the lender under the [credit] Obligation".

In March 1989 with the Bank's knowledge and assistance, the defendant sold his residence. Thereafter, the defendant continued receiving account statements, and was informed upon inquiry that the credit line was still in force. The defendant then requested and was sent a new checkbook with which he drew upon the credit line for over a year with no objection from the Bank. The defendant apparently continued making repayments through at least May 1990.

In August 1990 the Bank commenced the instant action, alleging its entitlement to immediate repayment of the advances made after the sale of the house. According to the Bank, the advances made over the one year period between March 1989 and May 1990 were inadvertent bank errors. The Bank also asserted that upon the the sale of the house in March 1989 the loan agreement was automatically terminated, although the Bank did not send the defendant any communication to this effect and continued lending him money for over a year after the sale without apprising him of this alleged termination.

Upon the Bank's motion for summary judgment, the Supreme Court found that there were questions of fact with respect to whether it had waived its contractual right to rely on the sale of the home as a basis for accelerating the repayment of credit advances. We affirm the denial of the motion.

It is well settled that in order to prevail upon a motion for summary judgment, the movant must first make a showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(see, e.g., Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Further, " 'summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue' " *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231, quoting from *Moskowitz v Garlock,* 23 AD2d 943, 944). Here, there is a substantial doubt as to the Bank's entitlement to summary judgment.

Although it is true that the defendant sold his residence, which had been pledged as security for the credit line, it is also undisputed that the Bank was aware of and actually facilitated the sale when it occurred. Moreover, despite the Bank's present assertion that the credit line was discharged or automatically terminated upon the sale of the house, the Bank nevertheless informed the defendant that the credit line was still available, provided him with a checkbook and, without objection, made additional advances of approximately $1,000,000 in the months that followed the sale. The Bank's assertion that these advances were mistakes and, therefore, not made pursuant to any existing contractual arrangement, merely begs the ultimate and disputed question of whether the credit line had in fact been terminated or whether, to the contrary, the Bank had simply decided to continue the credit line on an unsecured basis despite the sale of the defendant's residence. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.