■ AGNES M. KAY, Appellant, v FLYING GOOSE, INC., et al., Respondents. [610 NYS2d 70] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), entered August 25, 1992, which granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

It is well settled that "a party in possession or control of real property may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm only after the lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm" *(Newsome v Cservak,* 130 AD2d 637; *see also, Cerra v Perk Dev.,* 197 AD2d 851; *Chih Hong Shen v Neufeld,* 196 AD2d 804; *Arcuri v Vitolo,* 196 AD2d 519; *Rothrock v Cottom,* 115 AD2d 242; *Valentine v City of New York,* 86 AD2d 381, 384, *affd* 57 NY2d 932). All the evidence presented by the parties in this case indicated that the accident in question occurred while the storm was still in progress. Accordingly, the defendants could not be held liable for the alleged hazardous condition caused by the snow and ice on their premises.

We have examined the plaintiff's contention that a question of fact remains as to whether the alleged snow removal technique employed by the defendant Flying Goose, Inc.,

exacerbated the natural hazard created by the snowstorm, and find it to be without merit. The testimony of the plaintiff indicates that she fell on a patch of ice concealed by a layer of snow which had neither been shovelled nor treated with salt or sand. Accordingly, the defendants herein had clearly not increased the natural hazards which were created by the storm *(see, Glick v City of New York,* 139 AD2d 402). Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.