■ GREGORY ROSENTHAL et al., Respondents, v VILLAGE OF QUOGUE, Appellant. [613 NYS2d 684] —In an action to recover damages for personal injuries, etc., the defendant Village of Quogue appeals from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 19, 1992, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

The infant plaintiff sustained injuries when he fell from a bicycle while riding in the asphalt parking lot at the Village beach in Quogue. The plaintiffs commenced this action against the Village, alleging that the accident resulted from a defect in the pavement surface. The Village moved to dismiss the complaint on the basis that it had not received written notice of the alleged defect *(see,* Village Law § 6-628). The plaintiffs opposed the motion, by providing evidence to support their claim that the defect was affirmatively created by the Village, such that prior notice was not a prerequisite of the action *(see, Humes v Town of Hempstead,* 166 AD2d 503). The Supreme Court denied the defendant's motion, concluding that the plaintiffs had sufficiently alleged that the accident was caused by a condition which was affirmatively created by the Village.

At the outset, we note that, although the Supreme Court

treated the motion as one to dismiss for failure to state a cause of action, the plaintiffs responded to the motion, which was made subsequent to the plaintiffs' filing of a note of issue, as one for summary judgment. In addition, the plaintiffs submitted evidence to support their allegation that the Village affirmatively created the defect. We therefore treat the Village's motion as one for summary judgment (see, Zack Metal Co. v International Nav. Corp., 67 NY2d 892, 895).

In opposition to the Village's motion, the plaintiffs submitted, inter alia, the transcript of a hearing pursuant to General Municipal Law § 50-h, at which the infant plaintiff was unable to either recall the place in the parking lot at which the accident occurred, or to describe the condition of the pavement in any detail. Moreover, the affidavit by the infant's father, wherein the father alleges that the accident was caused by a defect created by the Village, is without evidentiary value, inasmuch as the father was not present at the time and had no personal knowledge of the location of the accident (see, CPLR 3212 [b]). Because the plaintiffs provided no competent evidence that the Village affirmatively created the defect which caused the accident, the Village's motion should have been granted (see, Zawacki v Town of N. Hempstead, 184 AD2d 697; Kaempf v Town of Hempstead, 170 AD2d 652).

Copertino, J. P., Santucci and Goldstein, JJ., concur.

Friedmann, J., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum: The motion at bar, although denominated a motion for summary judgment and made after discovery, is in actuality a motion to dismiss. That is, the defendant argued that the complaint should be dismissed because the plaintiffs failed to plead receipt by the Village of prior written notice of a defective condition in the subject parking lot, which is a condition precedent to maintaining an action against a municipality pursuant to Village Law § 6-628. However, the plaintiffs did not plead prior written notice because they were proceeding upon the theory that the Village had created the dangerous condition by its negligent repair of potholes throughout the parking lot. Under a well-recognized exception to Village Law § 6-628, therefore, the plaintiffs were under no obligation to plead or prove prior written notice (see, Humes v Town of Hempstead, 166 AD2d 503; Haviland v Smith, 91 AD2d 764).

The plaintiffs responded to the defendant's motion, which was addressed to the facial insufficiency of their complaint, by

reiterating their theory of negligent repair, and by documenting their assertion with photographs showing the surface of the parking lot riddled with potholes, which were unevenly patched with asphalt. As the defendant owned the parking lot, and equipped it with a bicycle rack to encourage cyclists to ride and park there, the photographs raise a question of fact that would best be resolved by a trial of the action. Indeed, the defendant nowhere denies having performed repairs to the parking lot surface, confining itself to denying that it had received prior written complaints about it. In addition, the record on appeal does not contain the plaintiffs' discovery demands, so that, for all that can be told, the Village's records of repair of the parking lot were requested but not supplied. In other words, the Village is being granted summary judgment despite the fact that it is in exclusive possession of whatever proof exists of the central fact at issue.

Finally, the majority bases its decision upon the infant plaintiff's inability to recall the precise spot on which his bicycle overturned, and where he lost consciousness after his face hit the ground. However, the defendant's motion was not premised upon this fact, but upon the lack of "prior written complaints concerning the condition of the parking lot at the Village beach". Had the plaintiffs been alerted to the issue upon which the majority now dismisses their complaint, they might have supplied statements from the three eyewitnesses who were with the infant plaintiff at the time, and who presumably can identify the precise location of his accident.