■ MARCELLO PERLICZ, Respondent, v REDEEMER LUTHERAN CHURCH, Appellant. [644 NYS2d 787] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated November 23, 1994, as denied its motion, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 14, 1993, at approximately 7:30 P.M., the plaintiff allegedly slipped and fell on a canopied walkway of the defendant's premises due to the presence of snow and ice. The

defendant moved, *inter alia,* for summary judgment dismissing the complaint based on the absence of proof that the defendant owned or controlled the premises and/or had a reasonable opportunity to clear the slippery walkway, because the storm which caused the walkway to become slippery was still in progress.

It is well settled that a movant for summary judgment must establish entitlement to judgment as a matter of law (*see, Beecher Greenman Constr. Corp. v Incorporated Vil. of Northport,* 209 AD2d 565; *Zuckerman v City of New York,* 49 NY2d 557, 562) by "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Jagel Family Assocs. v Havenbrook Assocs.,* 209 AD2d 585; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

A party in possession or control of real property may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm only after the lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm (*see, Newsome v Cservak,* 130 AD2d 637; *Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932).

Here, the defendant's proof, consisting of an affidavit and newspaper articles regarding the storm, is insufficient to sustain the initial burden of tendering admissible evidence to demonstrate the absence of any material issues of fact (*see, Skinner v City of Glen Cove,* 216 AD2d 381). Accordingly, the court did not err in denying the defendant's motion with leave to renew upon completion of pretrial depositions. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.