■ ROSALIE GIANNA, Respondent, v TOWN OF ISLIP et al., Appellants. [646 NYS2d 707] —In an action to recover damages for personal injuries, the defendants appeal from an order of the

Supreme Court, Suffolk County (Lama, J.), dated June 29, 1995, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint and all cross claims are dismissed.

The plaintiff was injured after she fell while walking on a sidewalk. She commenced the instant action against the Town of Islip, the County of Suffolk, and the abutting landowners, St. Patrick's Church and the Roman Catholic Diocese of Rockville Center, claiming, *inter alia,* that the defendants were negligent in maintaining the sidewalk.

An employee of the Suffolk County Department of Public Works submitted an affidavit in which he stated that the County of Suffolk "did not enter into any agreements for the construction or repair of the sidewalks", nor did it "own, maintain or control" the sidewalk. The plaintiff failed to submit any evidence to the contrary.

An employee of the Town of Islip Department of Public Works—Highway Division submitted an affidavit stating that he conducted a search, and that there was no record of any complaints or notices of defects with respect to this sidewalk. Where a town establishes that it has not received written notice of the defect pursuant to Town Law § 65-a, it is incumbent upon the plaintiff to submit "competent evidence" that the Town "affirmatively created the defect" (*Rosenthal v Village of Quogue,* 205 AD2d 745, 746; *see, Albanese v Town of Hempstead,* 176 AD2d 697). The plaintiff failed to offer any evidence that the Town received prior written notice of the defect, or affirmatively created the defect.

The abutting landowners also submitted evidence that they never maintained or repaired the sidewalk. It is the general rule that a landowner is not liable for injuries incurred as a result of defects in a public sidewalk abutting the landowner's premises absent evidence that the landowner created the defective condition or caused the defect to occur because of some special use (*see, Rosales v City of New York,* 221 AD2d 329; *Figueroa v City of New York,* 227 AD2d 373). There is no evidence in the record of a special use, nor is there any evidence that the abutting landowners caused the defect.

Accordingly, all of the defendants are entitled to summary judgment, and the complaint is dismissed in its entirety. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.