■ ANNA JEFFERSON, Respondent, v LONG ISLAND COLLEGE HOSPITAL, Appellant. [652 NYS2d 528] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated December 19, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

It is well settled that a party in possession of real property may be held liable for a hazardous condition created on its premises as a result of an accumulation of snow and ice during a storm only after the lapse of a reasonable time for taking protective measures after the storm (*see, Perlicz v Redeemer Lutheran Church,* 229 AD2d 378; *Grillo v New York City Tr. Auth.,* 214 AD2d 648; *Fusco v Stewart's Ice Cream Co.,* 203 AD2d 667; *Kay v Flying Goose,* 203 AD2d 332; *Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556).

Here, there was precipitation in the form of rain, sleet, or snow falling at the time the plaintiff allegedly fell on an icy or slippery patch. Inasmuch as the weather condition in question was in progress when the plaintiff's accident occurred, no liability could attach (*see, Fusco v Stewart's Ice Cream Co., supra*). Further, the plaintiff's submissions failed to create triable issues of fact with respect to (1) the claim that the icy condition was attributable to a storm which had occurred the day prior to her accident (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973-974); and (2) the further assertion that the defendant enhanced any natural hazards created by the existing weather conditions (*Kay v Flying Goose, supra,* at 333).

The remaining claims made by the plaintiff do not warrant denial of the motion (*cf., Masterson v New York Hosp.,* 181 AD2d 451; *Simpson v Browning-Ferris Indus. Chem. Servs.,* 146 AD2d 769). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.