■ ORLANDO CADAVID, Respondent, v CLARO DELUNA et al., Appellants. [652 NYS2d 552] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), dated March 5, 1996, which granted the plaintiff's motion for reargument of its motion to restore the case to the trial calendar, and, upon reargument, *inter alia,* granted the motion.

Ordered that the order is affirmed, with costs.

The court did not improvidently exercise its discretion by restoring the case to the trial calendar, since the plaintiff demonstrated both a meritorious cause of action and an excusable default in failing to appear at a pretrial conference (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Schiavetta v McKeon,* 190 AD2d 724, 725).

The defendants' remaining contention is without merit. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.

■ DEBORAH A. CLAUDIO et al., Respondents, v INCORPORATED VILLAGE OF PATCHOGUE, Appellant. [652 NYS2d 76] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 22, 1996, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff alleged that she was injured when she tripped over a tree root and fell on the sidewalk in the Village of Patchogue. The plaintiffs, however, failed to allege compliance with the Village's ordinance requiring prior written notice. In addition, the conduct ascribed to the Village, planting the tree and subsequently failing to prune or uproot it, does not constitute affirmative negligence. Under these circumstances, the Supreme Court should have dismissed the complaint (*see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917; *Parella v Levin,* 111 AD2d 750). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.