■ New York Medical College et al., Appellants, v County of Westchester, Respondent. [664 NYS2d 566] —In an action for a judgment declaring, *inter alia,* that the defendant is obligated to defend and indemnify the plaintiffs pursuant to certain affiliation agreements, the plaintiffs appeal from so much of (1) an order of the Supreme Court, Westchester County (Rosato, J.), entered September 4, 1996, as denied their cross application for summary judgment on the complaint, and (2) an order of the same court, entered October 16, 1996, as, in effect, denied their cross application for summary judgment on the amended complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiffs have failed to establish their entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Perlicz v Redeemer Lutheran Church,* 229 AD2d 378). The affiliation agreements that govern the relationship between the defendant and the plaintiff New York Medical College (hereinafter the Medical College) provide that the defendant will defend and indemnify the Medical College and members of the contract professional staff participating in the indemnification program for liabilities they may incur as a result of, *inter alia,* their rendering professional and/or medical services. However, it is not unequivocally clear from this agreement or from the rest of the proof submitted that the parties intended to include medical research in their definition of such services.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.