■ ERONE KENNEDY, Respondent, v C & C NEW MAIN STREET CORP. et al., Respondents, and SUPER DISCOUNTS AND MORE STORE, Appellant. [703 NYS2d 235] —In an action to recover damages for personal injuries, the defendant Super Discounts and More Store appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 5, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about December 31, 1996, the plaintiff slipped and fell on an icy portion of the municipal sidewalk abutting the defendant Super Discounts and More Store (hereinafter the Store) on New Main Street in Yonkers. She sustained serious injuries as a result of her fall. The plaintiff sued the Store, alleging the failure to remove snow and ice from the sidewalk, negligent removal of snow and ice from the sidewalk, and negligent maintenance of the sidewalk.

A movant for summary judgment must demonstrate an entitlement to judgment as a matter of law through sufficient evidence to eliminate any material issues of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 852, 853; *Bank of N. Y. v Granat,* 197 AD2d 653; *Daliendo v Johnson,* 147 AD2d 312, 317). A failure to make this showing mandates denial of the motion (*see, Winegrad v New York Univ. Med. Ctr., supra*).

The Store correctly argues that it met its burden of presenting evidence that there is no triable issue of fact regarding its liability for the snow and ice condition. The evidence in the record establishes that it was snowing at the time the plaintiff fell. There is no duty to remove snow and ice during an ongoing storm, and there can be no liability for failure to remove accumulated snow and ice until a reasonable time after the end of the storm (*see, Tillman v DeBenedictis & Sons Bldg. Corp.,* 237 AD2d 593, 594; *Jefferson v Long Is. Coll. Hosp.,* 234 AD2d 589; *Kay v Flying Goose,* 203 AD2d 332; *Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556, 557). In addition, the lease provi-

sion which required the Store to remove snow and ice from the walk did not create a duty to the plaintiff to do so (*see, Green v Fox Is. Park Autobody,* 255 AD2d 417, 418-419; *DeCurtis v T.H. Assocs.,* 241 AD2d 536). The plaintiff's claim that the snow removal undertaken by the Store was negligent is also unavailing, because the failure to remove all snow is not negligence and the plaintiff failed to show that the snow removal created or increased any hazard (*see, Verdino v Alexandrou,* 253 AD2d 553; *Reidy v EZE Equip. Co.,* 234 AD2d 593; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731; *Bricca v New York Tel. Co.,* 37 AD2d 564).

However, the Store failed to meet its burden concerning the alleged negligence in the repair of the sidewalk. The plaintiff testified that she fell in the area where the repairs were undertaken, and alleged that the repairs contributed to her accident. The Store offered no evidence to rebut the plaintiff's claim that she fell in the area where the repairs were done or that the repairs were done in a reasonable manner, but merely attacked the sufficiency of the plaintiff's papers. Since the Store failed to meet its initial burden, its motion must be denied (*see, Winegrad v New York Univ. Med. Ctr., supra*). Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.