■ Alice W. Polak et al., Respondents, v Robert Gomes et al., Defendants, and Town of Brookhaven, Appellant. (And a Related Action.) [719 NYS2d 275] —In an action to recover damages for personal injuries, etc., the defendant Town of Brook-

haven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 1, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Alice W. Polak allegedly was injured when she tripped and fell on a defective sidewalk in the Town of Brookhaven. Town of Brookhaven Code § 84-1 requires that either the Town Clerk or Town Superintendent of Highways receive prior written notice of a defective condition before the Town may be held liable for injuries caused by the condition. It is undisputed that no such notice was provided here. In addition, in opposition to the Town's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the Town created the complained-of condition. Therefore, the Town's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Poirier v City of Schenectady,* 85 NY2d 310; *Greenberg v McLaughlin,* 242 AD2d 603; *Nelson v Town of Hempstead,* 238 AD2d 391; *Gutierrez v Cohen,* 227 AD2d 447). Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.