■ PATRICIA TRAINOR et al., Respondents, v DAYTON SEASIDE ASSOCIATES No. 3, Defendant and Third-Party Plaintiff-Appellant-Respondent. JIM BULLOCK SERVICE STATION, INC., Third-Party Defendant-Appellant. [723 NYS2d 214] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated March 27, 2000, as denied its motion for summary judgment dismissing the complaint and third-party complaint, and the defendant third-party plaintiff separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the motions are granted, and the complaint and third-party complaint are dismissed.

The injured plaintiff slipped and fell in the parking lot of the defendant, Dayton Seaside Associates No. 3, during a winter storm. The plaintiffs commenced the instant action against the defendant, which then commenced a third-party action against Jim Bullock Service Station, Inc., its snow removal contractor, for contribution and indemnification. During discovery, the injured plaintiff testified that precipitation was falling at the time of her accident.

The defendant was under no duty to remove snow and ice from its parking lot during ongoing precipitation (*see, Taylor v New York City Tr. Auth.*, 266 AD2d 384; *Jefferson v Long Is. Coll. Hosp.*, 234 AD2d 589; *Kay v Flying Goose*, 203 AD2d 332). Additionally, the plaintiffs did not present evidence to substantiate their speculative assertions that the defendant undertook snow abatement measures shortly before the injured plaintiff's fall, and that such measures increased the hazard (*see, Kennedy v C & C New Main St. Corp.*, 269 AD2d 499; *Jefferson v Long Is. Coll. Hosp., supra*; *Kay v Flying Goose, supra*). Moreover, the plaintiffs failed to introduce evidence to support their

speculative assertion that the injured plaintiff slipped on preexisting ice from a prior snowstorm (*see, Bernstein v City of New York,* 69 NY2d 1020; *Brown v City of New York,* 265 AD2d 284; *Baum v Knoll Farm,* 259 AD2d 456). Accordingly, the motions for summary judgment dismissing the complaint and the third-party complaint should have been granted. Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.