■ MICHAEL BANG et al., Respondents, v TOWN OF SMITHTOWN, Appellant, et al., Defendants. [738 NYS2d 72] —In an action to recover damages for personal injuries, etc., the defendant Town of Smithtown appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 22, 2001, as, in effect, struck its affirmative defense of lack of prior written notice as required by Town Law § 65-a (1), and denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the affirmative defense of lack of prior written notice is reinstated, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff allegedly was injured when, while playing a game at Hoyt Farm Park in Suffolk County, he fell into or over a guardrail which separated the park from the adjacent parking lot area, and cut his leg. The complaint alleged, inter alia, that the Town of Smithtown was negligent because it failed to "adequately cover * * * the guardrail * * * [and it permitted the] steel 'I' beam to protrude in an exposed manner." The Supreme Court concluded, among other things, that "this accident * * * did not happen in the parking lot [and therefore] Town Law Sec. 65-a (1) does not apply in this case." We reverse.

There is no dispute that the plaintiffs failed to comply with Town Law § 65-a (1) which, in pertinent part, requires prior written notice as a condition precedent to the maintenance of an action against a town for injuries arising from a defect located on a highway. It is also well settled that a parking lot is considered a "highway" within the meaning of Town Law § 65-a (see, Kofod v Town of E. Hampton, 226 AD2d 589; Zigman v Town of Hempstead, 120 AD2d 520; Stratton v City of Beacon, 91 AD2d 1018). Contrary to the Supreme Court's conclusion, under the facts of this case, the accident did occur in the parking lot since the guardrail must be considered to be an appurtenance of that area (see generally, Zizzo v City of New York, 176 AD2d 722; Zigman v Town of Hempstead, supra; Gallo v Town of Hempstead, 124 AD2d 700).

Accordingly, since no prior written notice of the alleged defect was given, it was incumbent upon the plaintiffs to provide "competent evidence" that the Town "affirmatively created the defect" in order for the Town to be held liable (Rosenthal v Village of Quogue, 205 AD2d 745, 746; see, Gianna v Town of Islip, 230 AD2d 824; Gewirtz v State Farm Mut. Auto. Ins. Co., 251 AD2d 286; Zizzo v City of New York, supra; Palkovic v Town of Brookhaven, 166 AD2d 566; Monteleone v Incorporated Vil. of Floral Park, 143 AD2d 647, affd 74 NY2d 917). The plaintiffs failed to adduce such evidence in opposing the Town's motion. Therefore, the Town is entitled to summary judgment dismissing the complaint insofar as asserted against it (see, Gianna v Town of Islip, supra). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.