■ CYNTHIA J. PRICE et al., Respondents, v COUNTY OF SUF-FOLK et al., Appellants, et al., Respondents. [756 NYS2d 758] —In an action to recover damages for personal injuries, etc., the defendants County of Suffolk and Town of Babylon separately appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 6, 2002, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Cynthia J. Price fell and was injured while walking on a sidewalk adjacent to East Hoffman Avenue in the Village of Lindenhurst. She and her husband subsequently commenced this action against the Village of Lindenhurst, the Town of Babylon, the County of Suffolk, and others alleging, inter alia, that the defendants were negligent in maintaining the sidewalk.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries from an improperly-maintained sidewalk unless it received written notice of the dangerous condition, its affirmative negligence proximately caused the accident, or a special use conferred a special benefit on it (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *James v City of New Rochelle,* 282 AD2d 503 [2001]; *Caramanica v City of New Rochelle,* 268 AD2d 496 [2000]). There is no evidence that the County or Town received prior written notice or affirmatively created the condition, or that a special use existed (*see Vise v County of Suffolk,* 207 AD2d 341 [1994]; *Pinon v Town of Islip,* 255 AD2d 568 [1998]; *Caramanica v City of New Rochelle, supra*).

"While it is true that CPLR 3212 (f) permits an opposing party to obtain further discovery under certain circumstances, it should not be resorted to where, as here, there has been a failure to demonstrate that the discovery being sought is anything more than a fishing expedition" (*Greenberg v McLaughlin,* 242 AD2d 603, 604 [1997]; *see Frith v Affordable Homes of Am.,* 253 AD2d 536 [1998]). S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.