FRANCES D. MOLLIN et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and TOWN OF OYSTER BAY, Respondent. (And a Third-Party Action.) [769 NYS2d 59]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered July 26, 2002, which granted the motion of the defendant Town of Oyster Bay for leave to renew its prior motion for summary judgment dismissing the complaint, and, upon renewal, granted the motion.

Ordered that the order is affirmed, with costs.

On January 28, 1997, the plaintiff Frances D. Mollin fell and was injured while walking on a sidewalk adjacent to the entrance of the Tappen Beach Pool and Marina, which is owned and operated by the defendant Town of Oyster Bay. She and her husband, the plaintiff Robert M. Mollin, subsequently com-

menced this action against the County of Nassau, the Town, and the Village of Sea Cliff alleging, inter alia, that the defendants were negligent in maintaining the sidewalk. On April 13, 2000, the plaintiffs stipulated to discontinue the action insofar as asserted against the County and the Village, with prejudice.

Upon the completion of discovery, the Town moved for summary judgment dismissing the complaint on the grounds, inter alia, that while it had retained the third-party defendant N.Y.S.S., Inc., to repair or replace a sidewalk inside the park, neither it nor N.Y.S.S., Inc., performed any work on the exterior sidewalk where the accident occurred. In an order dated March 4, 2002, in the absence of a copy of the contract, work orders, and related supporting documentation to verify that claim, the Supreme Court denied the motion.

On or about March 27, 2002, the Town moved, pursuant to CPLR 2221 (e), for leave to renew its prior motion upon submission of the previously omitted documentation. On July 22, 2002, the Supreme Court granted leave to renew, and, upon renewal, granted summary judgment dismissing the complaint.

The Supreme Court providently exercised its discretion in granting leave to renew. "While a motion for leave generally should be based on newly-discovered facts, the rule is flexible, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (*Bloom v Primus Automotive Fin. Servs.,* 292 AD2d 410 [2002]; *see Maloney v Consolidated Edison Co. of N.Y.,* 290 AD2d 540 [2002]). The Town adequately demonstrated that while the contract with N.Y.S.S., Inc., may have been previously available, the work orders and related documentation, which verify where the work related to that agreement was performed, were not located until after the filing of its original motion. Moreover, even if the confirmatory documentation was, contrary to the Town's contention, available at the time of its original motion, "[i]t is improvident to deny leave to renew where it may fairly be said that the new matter was not raised because of excusable mistake or inadvertence" (*Miller v Duffy,* 162 AD2d 438, 439-440 [1990], quoting *Olean Urban Renewal Agency v Herman,* 101 AD2d 712, 713 [1984]).

The Supreme Court also properly granted the Town's motion for summary judgment. "Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries from an improperly-maintained

sidewalk unless it received written notice of the dangerous condition, its affirmative negligence proximately caused the accident, or a special use conferred a special benefit on it" (*Price v County of Suffolk,* 303 AD2d 571 [2003]; *see Amabile v City of Buffalo,* 93 NY2d 471 [1999]). The plaintiffs concede that the Town did not receive prior written notice of the alleged defect as mandated by Town Law § 65-a (2) and that it did not maintain a special use at the site. It therefore was incumbent upon them to provide "competent evidence" that the Town affirmatively created the defect in order for the Town to be held liable (*Bang v Smithtown,* 291 AD2d 516, 517 [2002], quoting *Rosenthal v Village of Quogue,* 205 AD2d 745, 746 [1994]; *see Gianna v Town of Islip,* 230 AD2d 824, 825 [1996]).

The plaintiffs' speculative and conclusory allegations were insufficient to raise a triable issue of fact with respect to whether the Town created the alleged defect through negligent repair (*see Ovisinak v Town of Southold,* 277 AD2d 295, 296 [2000]; *Cattani v Incorporated Vil. of Ocean Beach,* 252 AD2d 533, 534 [1998]). Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.