■ Marilyn Khaghan et al., Appellants, v Rye Town Park Commission, Respondent. [778 NYS2d 313]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated April 1, 2003, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence establishing that it never received prior written notice of the defect in the walkway that allegedly caused the injured plaintiff's fall (see Town Law § 65-a [2]). An exception to the prior written notice requirement applies where a municipality creates the subject defect or hazard through an affirmative act of negligence (see Amabile v City of Buffalo, 93 NY2d 471 [1999]; Kiernan v Thompson, 73 NY2d 840 [1988]). Here, however, the evidentiary proof that the plaintiffs submitted in opposition to summary judgment was insufficient to raise an issue of fact as to whether the municipality created the defective condition in the park walkway through an affirmative act of negligence (see Mollin v County of Nassau, 2 AD3d 600 [2003]; Walker v Incorporated Vil. of Northport, 304 AD2d 823 [2003]; Polak v Gomes, 279 AD2d 513 [2001]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.