SARA ANN GANZENMULLER, Respondent, v INCORPORATED VILLAGE OF PORT JEFFERSON, Appellant, et al., Defendant. [795 NYS2d 744]—

In an action to recover damages for personal injuries, the defendant Incorporated Village of Port Jefferson appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated August 2, 2004, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as as-

serted against the defendant Incorporated Village of Port Jefferson, and the action against the remaining defendant is severed.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for personal injuries caused by an improperly-maintained sidewalk unless it received written notice of the defect or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Mollin v County of Nassau*, 2 AD3d 600 [2003]; *Price v County of Suffolk*, 303 AD2d 571 [2003]). The Court of Appeals has recognized only two exceptions to the prior written notice rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence . . . and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo, supra* at 474). Here, the defendant Village established that it had no prior written notice of the alleged sidewalk defect which caused the plaintiff to fall. Furthermore, contrary to the plaintiff's contention, the use of the sidewalk as a "driveway apron" leading into a parking lot for several stores and restaurants did not confer a special benefit upon the defendant Village which would exempt the plaintiff from compliance with the written notice requirement (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Braunstein v County of Nassau*, 294 AD2d 323 [2002]; *Marona v Incorporated Vil. of Mamaroneck*, 203 AD2d 337 [1994]). In addition, the plaintiff did not allege that the Village committed any act which would constitute affirmative negligence (*see Corey v Town of Huntington*, 9 AD3d 345 [2004]). Under these circumstances, the Supreme Court should have granted the motion to dismiss the complaint insofar as asserted against the Village (*see Odell v Town of Riverhead*, 305 AD2d 477 [2003]; *Fiordalisi v Town of Huntington*, 275 AD2d 299 [2000]; *Claudio v Incorporated Vil. of Patchogue*, 235 AD2d 385 [1997]). Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.