■ SAUL LOPEZ, Respondent, v G&J RUDOLPH INC. et al., Respondents, and TOWN OF NORTH HEMPSTEAD, Appellant. [799 NYS2d 254]—

In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered October 4, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the Town of North Hempstead, and the action against the remaining defendants is severed.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for personal injuries caused by an improperly maintained sidewalk unless it has either received prior written notice of the defect, or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Mollin v County of Nassau,* 2 AD3d 600 [2003]; *Price v County of Suffolk,* 303 AD2d 571 [2003]). The Court of Appeals has "recognized only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative action of negligence . . . and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo, supra,* at 474).

Here, the defendant Town demonstrated its entitlement to judgment as a matter of law by submitting evidence establishing that it had no prior written notice of the sidewalk defect that allegedly caused the plaintiff's fall (*see Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603 [2005]; *Gold v County of Westchester,* 15 AD3d 439 [2005]; *Khaghan v Rye Town Park Commn.,* 8 AD3d 447 [2004]). Furthermore, the evidence submitted by the plaintiff and the codefendants in opposition to summary judgment was insufficient to raise an issue of fact as to whether the sidewalk defect was created by the Town's affirmative negligence (*see Filaski-Fitzgerald v Town of Huntington, supra; Khaghan v Rye Town Park Commn., supra*). In this regard, we note that while there is some proof that the Town repaired a hole at the subject location with an asphalt patch over five years before the accident, there is no evidence that a dangerous condition existed when the repair was completed, or that the repair caused the subsequent deterioration of the cement pavement surrounding the patch (*see Arias v City of New*

*York,* 284 AD2d 354 [2001]; *Carbo v City of New York,* 275 AD2d 439 [2000]; *Capobianco v Mari,* 272 AD2d 497 [2000]). In addition, the plaintiff and codefendants failed to demonstrate that the "driveway apron" area of the sidewalk where the accident occurred conferred a special benefit upon the Town (*see Poirier v City of Schenectady,* 85 NY2d 310 [1995]; *Ganzenmuller v Incorporated Vil. of Port Jefferson,* 18 AD3d 703 [2005]). Accordingly, the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.