█ Barbara A. Shannon et al., Appellants, v Village of Rockville Centre, Respondent. [834 NYS2d 537]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated January 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Barbara Shannon allegedly slipped and fell on ice in a parking lot owned by the defendant Village of Rockville Centre. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint finding that the defendant was not given prior written notice of the alleged icy condition as required by Village of Rockville Centre Code § 66-1.

Village of Rockville Centre Code § 66-1 provides that "[n]o civil action shall be brought or maintained against the Village of Rockville Centre for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective [or] dangerous . . . in consequence of the existence or accumulation of snow or ice . . . unless written notice of the existence of such condition . . . had theretofore actually been given to the Board of Trustees of the Village of Rockville Centre." Contrary to the plaintiffs' contention, a parking lot is considered a highway within the meaning of local ordinances such as Village of Rockville Centre

Code § 66-1 (see Doherty v Town of Clarkstown, 233 AD2d 477, 478 [1996]; Mendes v Whitney-Floral Realty Corp., 216 AD2d 540, 541-542 [1995]; Stratton v City of Beacon, 91 AD2d 1018, 1019 [1983]).

The defendant established its prima facie entitlement to judgment as a matter of law by submitting an affidavit from the Deputy Superintendent of Public Works stating that his search of the defendant's records revealed no prior written notice of an icy condition at the parking lot (see Gianna v Town of Islip, 230 AD2d 824, 825 [1996]; Goldberg v Town of Hempstead, 156 AD2d 639, 640 [1989]).

Once the defendant satisfied its burden showing a lack of prior written notice, the plaintiffs were required to come forward with admissible evidence to raise an issue of fact as to whether written notice was given or whether the defendant created or exacerbated the alleged icy condition through its affirmative negligent acts (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; cf. Zwielich v Incorporated Vil. of Freeport, 208 AD2d 920, 921 [1994]). The conclusory and speculative affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact (see Romano v Stanley, 90 NY2d 444, 452 [1997]; Myrow v City of Poughkeepsie, 3 AD3d 480, 481 [2004]; Mendes v Whitney-Floral Realty Corp., supra at 542). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit (see Amabile v City of Buffalo, supra at 473-474; Holt v County of Tioga, 56 NY2d 414, 419-420 [1982]; Carlino v City of Albany, 118 AD2d 928, 929 [1986]; Fullerton v City of Schenectady, 285 App Div 545, 548 [1955], affd 309 NY 701 [1955]). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.