■ WILLIAM J. WOHLARS et al., Respondents, v TOWN OF ISLIP, Appellant. [898 NYS2d 59]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 15, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On December 7, 2005, at approximately 7:00 A.M., the plaintiff William J. Wohlars (hereinafter the plaintiff) allegedly slipped and fell on ice or snow on a sidewalk located in the southeast parking lot (hereinafter the subject parking lot) of the Ronkonkoma Station of the Long Island Rail Road. The plaintiff and his wife, suing derivatively, commenced this action against the defendant, Town of Islip, inter alia, to recover damages for personal injuries he allegedly sustained as a result of the fall.

According to the plaintiff's testimony given at the hearing pursuant to General Municipal Law § 50-h and at his subsequent deposition, it had snowed the day before the incident. However, the plaintiff did not recall how long it snowed, how much snow fell, or when it stopped snowing. There also was no evidence of any prior snowfall in the weeks immediately preceding the day of the incident.

The plaintiff further testified that, as he traversed the subject parking lot after exiting his car, he approached a two-foot wide pathway, on a sidewalk adjacent to a roadway separating that sidewalk from another sidewalk immediately adjacent to the train platform. The plaintiff stated that he observed some snow and ice to the left and right of the pathway. In his affidavit submitted in opposition to the defendant's motion for summary judgment dismissing the complaint, the plaintiff averred that "the center of the walkway was covered with a sheet of ice approximately 2-3 feet in width" and was not treated with any salt or ice melting agents. The plaintiff also averred in his affidavit that he walked to the side of the walkway to avoid the ice. As recounted by the plaintiff in his affidavit, he stepped to the right of the path, slipped on ice concealed by what he described as "light snow," and fell to the left, twisting his ankle. The plaintiff did not recall the depth of the snow.

The Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of Peter Kletchka, formerly a public works project supervisor and, at the time he was deposed, a Deputy Commissioner of the Town's Department of Public Works, stating that his search of the Town's records revealed no prior written notice of the alleged icy condition at the subject parking lot (see Town Law § 65-a [2]; Code of Town of Islip § 47A-3; *Shannon v Village of Rockville Ctr.*, 39 AD3d 528 [2007]; *Gianna v Town of Islip*, 230 AD2d 824, 825 [1996]; *Linder v Town of Babylon*, 187 AD2d 568 [1992]; *Goldberg v Town of Hempstead*, 156 AD2d 639, 640 [1989]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Once the Town satisfied its burden of showing a lack of prior written notice, the plaintiffs, in order to defeat the Town's mo-

tion, were required to come forward with admissible evidence to raise a triable issue of fact as to whether written notice was given, whether the defendant created or exacerbated the alleged icy condition through its affirmative negligent acts, or whether a special use conferred a special benefit on the Town (see *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Shannon v Village of Rockville Ctr.*, 39 AD3d at 529; *Gianna v Town of Islip*, 230 AD2d at 825; see also *Rosenthal v Village of Quogue*, 205 AD2d 745, 745-746 [1994]; *Albanese v Town of Hempstead*, 176 AD2d 697 [1991]; cf. *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]).

Contrary to the plaintiffs' contentions, they failed to demonstrate that the allegedly icy condition was created by the Town's affirmative negligence (see *Amabile v City of Buffalo*, 93 NY2d at 474; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]; *Galante v Village of Sea Cliff*, 13 AD3d 577 [2004]; *Corey v Town of Huntington*, 9 AD3d 345 [2004]), nor was there any claim of special use. The plaintiff, having testified that there was no indication of snow and ice removal on the sidewalk where he fell, failed to present any evidence to substantiate the speculative assertions that the Town undertook snow abatement measures before his fall, and that such measures created or exacerbated the alleged icy condition (see *Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524 [2001]; *Kennedy v C & C New Main St. Corp.*, 269 AD2d 499 [2000]; *Jefferson v Long Is. Coll. Hosp.*, 234 AD2d 589, 589 [1996]; *Kay v Flying Goose*, 203 AD2d 332, 332-333 [1994]). Rather, Kletchka's testimony that the Town had no snow removal responsibilities for the subject parking lot, and did not perform or cause to be performed any snow removal activities at the location of the accident, went unrefuted. As the Town correctly argues, even if it had been responsible for snow removal in the subject parking lot, to the extent that the plaintiffs contend that the failure to remove all the snow and ice constituted an affirmative act of negligence, this contention is without merit (see *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499, 500 [2000]; *Alfano v City of New Rochelle*, 259 AD2d 645, 646 [1999]; *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint. Skelos, J.P., Florio, Hall and Austin, JJ., concur.