■ AKIVA LICHTMAN et al., Appellants, v VILLAGE OF KIRYAS JOEL, Respondent. [935 NYS2d 331]—

The plaintiff Akiva Lichtman (hereinafter the plaintiff) slipped and fell on a patch of ice in a municipal parking lot of the defendant, Village of Kiryas Joel, allegedly sustaining injuries. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The Village demonstrated its prima facie entitlement to judgment as a matter of law by submitting proof that there was no prior written notice of the existence of the icy condition (*see* Village Law § 6-628; CPLR 9804). Thus, in order to defeat the Village's motion, the plaintiffs were required to come forward with admissible evidence raising a triable issue of fact as to whether the Village either created or exacerbated the icy condition through its affirmative negligent acts, or whether a special use conferred a special benefit on the Village (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]; *Petrillo v Town of Hempstead*, 85 AD3d 996 [2011]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1008 [2010]). The plaintiffs failed to meet that burden.

The failure to remove all of the snow or ice from a parking lot is not an affirmative act of negligence (*see Wohlars v Town of*

*Islip,* 71 AD3d 1007 [2010]; *Stallone v Long Is. R.R.,* 69 AD3d 705 [2010]; *Groninger v Village of Mamaroneck,* 67 AD3d 733 [2009], *affd* 17 NY3d 125 [2011]). The plaintiffs failed to adduce any evidence that the patch of ice was created as a consequence of an affirmative act of negligence by the Village. The plaintiff's conclusory and speculative deposition testimony that a snow pile created by the Village's snow plowing efforts the day before the accident melted and refroze, was insufficient to raise a triable issue of fact (*see Groninger v Village of Mamaroneck,* 17 NY3d 125, 129-130 [2011]; *Lysohir v County of Suffolk,* 10 AD3d 638, 639 [2004]; *Myrow v City of Poughkeepsie,* 3 AD3d 480, 481 [2004]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.