■ WASIM S. ALI, Respondent, v VILLAGE OF PLEASANTVILLE, Appellant, et al., Defendants. [943 NYS2d 582]—

In an action to recover damages for personal injuries, the defendant Village of Pleasantville appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 7, 2011, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Village of Pleasantville which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff commenced this action against, among others, the Village of Pleasantville to recover damages for personal injuries allegedly sustained when he slipped and fell on a sidewalk during a snowstorm. The Village moved for, among other relief, summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The Village appeals.

The Village demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting proof that there was no prior written notice of the existence of the allegedly dangerous condition (*see* Code of Village of Pleasantville, ch 155, art VI, § 155-36; CPLR 9804; *see also Lichtman v Village of Kiryas Joel*, 90 AD3d 1001, 1001 [2011]; *Wohlars v Town of Islip*, 71 AD3d 1007, 1008 [2010]). In addition, the Village submitted, among other things, an affidavit from a meteorologist and the plaintiff's own testimony, which demonstrated that the plaintiff slipped and fell while the storm was still in progress (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *DeStefano v City of New*

*York*, 41 AD3d 528, 529 [2007]). Since, under the storm-in-progress rule, the Village generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter, the Village established, prima facie, its entitlement to summary judgment on this ground as well (*see Solazzo v New York City Tr. Auth.*, 6 NY3d at 735; *Mazzella v City of New York*, 72 AD3d at 756; *DeStefano v City of New York*, 41 AD3d at 529).

Once the Village satisfied its burden of showing a lack of prior written notice, the plaintiff, in order to defeat the Village's motion, was required to come forward with admissible evidence to raise a triable issue of fact as to whether written notice was given, whether the Village created or exacerbated the allegedly dangerous condition through its affirmative negligent acts, or whether a special use conferred a special benefit on the Village (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]; *Lichtman v Village of Kiryas Joel*, 90 AD3d at 1001; *Wohlars v Town of Islip*, 71 AD3d at 1008). Furthermore, in light of the Village's prima facie showing that the accident occurred while a storm was in progress, "the burden shifted to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his accident" (*Meyers v Big Six Towers, Inc.*, 85 AD3d 877, 877 [2011]). To do so here, the plaintiff was required to demonstrate the existence of a triable issue of fact as to whether the snow abatement efforts engaged in by the Village exacerbated the natural hazard created by the snowstorm (*see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546, 546-547 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493, 494 [2005]).

Contrary to the Supreme Court's conclusion, the plaintiff failed to raise a triable issue of fact as to whether the Village created or exacerbated the allegedly dangerous condition through an affirmative negligent act during the course of its efforts to abate the effects of the snowstorm. The Village's alleged failure to remove snow that had fallen during the course of the storm and its alleged failure to apply salt or sand to the sidewalk, do not constitute affirmative acts of negligence (*see Lichtman v Village of Kiryas Joel*, 90 AD3d at 1001; *Wohlars v Town of Islip*, 71 AD3d at 1008; *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]; *Grant v Incorporated Vil. of Lloyd Harbor*, 180 AD2d 716, 717 [1992]; *Buccellato v County of Nassau*, 158 AD2d 440, 441 [1990]; *cf. Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d at 546-547; *Chaudhry v East Buffet & Rest.*, 24 AD3d at 494). Furthermore, owing to the fact that the snowstorm was ongoing at the time of the plaintiff's accident,

the Village had no duty to remove snow that accumulated after it undertook snow-abatement efforts, and the plaintiff failed to demonstrate a triable issue of fact as to whether an affirmative act of snow abatement undertaken by Village made the condition of the sidewalk more hazardous than it already was (*see Spicehandler v City of New York*, 303 NY 946 [1952]; *Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524, 524-525 [2001]; *Kennedy v C & C New Main St. Corp.*, 269 AD2d 499, 499-500 [2000]; *Verdino v Alexandrou*, 253 AD2d 553, 553-554 [1998]; *Jefferson v Long Is. Coll. Hosp.*, 234 AD2d 589, 589-590 [1996]; *Kay v Flying Goose*, 203 AD2d 332, 332-333 [1994]; *Oley v Village of Massapequa Park*, 198 AD2d 272 [1993]; *Herrick v Grand Union Co.*, 1 AD2d 911 [1956]). Accordingly, that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.