■ Tommie Long, Respondent, v City of Mount Vernon, Appellant. [967 NYS2d 749]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered March 29, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries which he allegedly sustained as a result of a slip and fall on an icy sidewalk or curb located in the defendant, the City of Mount Vernon. The City moved for summary judgment dismissing the complaint arguing, inter alia, that the plaintiff could not maintain this action since the City had not received prior written notice of the alleged defect in accordance with section 265 of the Charter of the City of Mount Vernon. The Supreme Court denied the motion, finding that the City failed to make a prima facie showing of entitlement to judgment as a matter of law.

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Forbes v City of New York,* 85 AD3d 1106,

1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the allegedly icy condition upon which the plaintiff slipped and fell, as required by section 265 of the Charter of the City of Mount Vernon (*see Shannon v Village of Rockville Ctr.*, 39 AD3d 528 [2007]; *Gianna v Town of Islip*, 230 AD2d 824, 825 [1996]). In opposition thereto, the plaintiff failed to raise a triable issue of fact. Indeed, the plaintiff's opposition consisted merely of speculation that the City created the alleged condition by improper snow removal (*see Wohlars v Town of Islip*, 71 AD3d 1007, 1009 [2010]; *Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524 [2001]). Nor was there any proof that the City made special use of the area.

The Supreme Court's reliance on the case of *San Marco v Village/Town of Mount Kisco* (16 NY3d 111 [2010]) as support for denial of the City's motion for summary judgment, was misplaced. Unlike the situation presented in *San Marco*, here, there was neither evidence that the City was responsible for the removal of snow at the subject location, nor evidence that it undertook any such efforts (*see Masotto v Village of Lindenhurst*, 100 AD3d 718, 719 [2012]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.