■■■ JACK BROMSTEAD et al., Respondents, v JODY L. GIALLANZA, Respondent, and SCOTT FOX, Appellant, et al., Defendant. [668 NYS2d 419] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Scott Fox dismissed. Memorandum: Jack Bromstead (plaintiff) was operating his motorcycle northbound on Central Avenue in the Village of Lancaster when he struck the rear of a station wagon operated by defendant Jody L. Giallanza and was catapulted into the oncoming lane of traffic, where he was struck by defendant Michael J. Miller. Giallanza had stopped because the vehicle ahead of her, operated by defendant Scott Fox, had stopped to make a left turn.

Supreme Court erred in denying the motion of Fox for summary judgment dismissing the complaint against him (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Fox met his burden of establishing that he was not negligent by submitting evidence that his vehicle's directional light was on, that the vehicle was stopped at an intersection where he intended to turn left and that he was waiting for oncoming traffic to pass when the collision of the two vehicles behind him occurred. Neither plaintiffs nor Giallanza raised a triable issue of fact whether Fox was negligent. The evidence establishes that Giallanza saw both the directional and brake lights on the Fox vehicle before she applied the brakes on her station wagon; that she applied the brakes with force somewhere between a "gradual stop" and a "screeching halt" to avoid striking the Fox vehicle; and that, when she applied her brakes, Giallanza heard screeching of the brakes of plaintiff's motorcycle, felt the motorcycle strike her vehicle and observed plaintiff fly through the air into the oncoming lane of traffic. Giallanza testified at an examination before trial that, before the collision, she thought that plaintiff was driving too closely behind her. Plaintiff acknowledged that he was driving two or three motorcycle lengths behind Giallanza and that he was unable to stop. We conclude therefrom that Fox's motion should have been granted. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.