■ PAMILLE GREEN, as Administrator of the Estate of ERNEST L. GREEN, Deceased, Respondent, v SUZETTE M. MAZURSKI, Appellant, et al., Defendant. [768 NYS2d 869]—

Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered October 31, 2002, which denied the motion of defendant Suzette M. Mazurski for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Suzette M. Mazurski is dismissed.

Memorandum: Supreme Court erred in denying the motion of Suzette M. Mazurski (defendant) for summary judgment dismissing the complaint against her. Defendant was stopped at an intersection intending to make a left-hand turn when her vehicle was struck from behind by a motorcycle operated by plaintiff's decedent, who died as a result of the accident. According to plaintiff, defendant was negligent in failing to maintain proper brake lights on her vehicle. In support of the motion, defendant submitted her deposition testimony, wherein she testified that, before approaching the intersection, she activated her turn signal and, as an additional precaution, used an arm signal to warn others of her intention to turn. Additionally, she testified that her vehicle was in good working condition and that her brake lights were operable at the time of the accident. Defendant thereby met her initial burden on the motion by establishing that she was not negligent, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Bromstead v Giallanza,* 247 AD2d 914 [1998]). Plaintiff's own affidavit and the attorney's affidavit submitted by plaintiff are not based on personal knowledge and thus lack probative value (*see Bendik v Dybowski,* 227 AD2d 228, 229 [1996]). Although plaintiff also submitted the safety check report prepared by police eight days after the accident, the report is not in admissible form (*see Rue v Stokes,* 191 AD2d 245, 246-247 [1993]) and plaintiff failed to offer an acceptable excuse for her failure to obtain the requisite certification or authentication to render the report admissible (*see* CPLR 4518 [a], [c]). We therefore reverse the order, grant the motion of defendant and dismiss the complaint against her. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.