■ WENDY RUE, Respondent, v CHRISTOPHER STOKES et al., Respondents, and FELICE SERPICO et al., Appellants. (And a Third-Party Action.) [594 NYS2d 749] —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 10, 1991, denying the cross-motion of defendants Felice Serpico and Leslie Supply Company, Inc., for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the complaint as to them.

Plaintiff, a passenger in a leased vehicle, owned by defendant Gaines Service Leasing Corp. and operated by Christopher Stokes, named but never served in this action and last heard from six and one-half years ago, which struck the rear of a vehicle owned by defendant Leslie Supply Company, Inc., and operated by defendant Felice Serpico, sues to recover for personal injuries arising out of the aforesaid February 3, 1986 accident. In opposition to a motion by plaintiff for relief not relevant hereto, defendants Leslie and Serpico cross-moved for a summary judgment dismissal of the complaint and all cross-claims against them or, alternatively, inter alia, to preclude Stokes from testifying because of his failure to appear for deposition. In support of their cross-motion, defendants submitted an excerpt from Serpico's deposition in which he

testified that he had been proceeding southbound on Second Avenue at about ten miles per hour in heavy traffic when a van in front of him slowed up and stopped; that he brought his Volvo to a complete stop approximately five feet behind the van; that his vehicle had been stopped for approximately three to five seconds and "all of a sudden I got banged in the rear." According to Serpico, he spoke to the driver (Stokes) of the white limousine that had struck his vehicle, who told him, "Well, I was making a right turn from Second Avenue and I seen the police barricade up, so I aborted the turn and I didn't know you were stopped and I turned around to answer to my passenger." In Serpico's MV-104, submitted on the motion with a New York City Police Department accident report, he gave the same account of the accident as he did at his deposition. The police report also indicated a rear-end collision. In an affirmation, plaintiff's counsel, acknowledging that he could not stipulate to discontinue against Leslie and Serpico, expressed the view that "there were no sufficient evidentiary facts that [he] could think of that would defeat the motion for summary judgment." Gaines' only opposition consisted of the MV-104 filed by Stokes in which he stated that Serpico "stopped for no reason (no cars in front of him). I hit my brake and tapped his rear end." In considering the summary judgment motion, the IAS Court implicitly accepted Stokes' accident report and the statements therein as evidentiary proof in admissible form and denied the motion "because of a disputed issue of fact concerning Serpico's operation of the vehicle". The court found "a dispute as to whether [Stokes] stopped because of a stalled van in front of him." The court's reliance on the contents of Stokes' MV-104 to find an issue of fact was clear error. Accordingly, we reverse and award summary judgment to defendants Leslie and Serpico dismissing the complaint and cross-claims against them.

Serpico's unrebutted sworn deposition testimony that his vehicle was at a complete stop for several seconds when it was struck in the rear by the Gaines/Stokes vehicle was sufficient as a matter of law to place sole responsibility for the accident with Stokes. *(See, e.g., Crociata v Vasquez,* 168 AD2d 410.) Compelled to lay bare their proofs, Gaines and plaintiff submitted only their attorneys' affirmations, of no probative value, and Stokes' unsworn self-serving MV-104 accident report, which is hearsay and insufficient, as a matter of law, to raise a triable factual issue. *(See, Zuckerman v City of New York,* 49 NY2d 557, 562.) Unsworn reports, letters, transcripts and other documents do not constitute evidentiary proof in

admissible form and may not be considered in opposition to a motion for summary judgment. *(Abrahamsen v Brockway Glass Co.,* 156 AD2d 615.) Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.