■ HOSSAM ISMAIL et al., Plaintiffs, v DIAL EXTERMINATING CORP. et al., Respondents and Third-Party Plaintiffs-Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent. (Action No. 1.) GUILLERMO VILLADA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and RONALD EASTMAN, Appellant. MANSOUR ALBELAZIM et al., Third-Party Plaintiffs, v NELSON VALENCIA et al., Third-Party Defendants-Respondents. (Action No. 2.) [608 NYS2d 61] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 14, 1992, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

We find a triable issue of fact as to whether appellant's vehicle made impact with plaintiff's van, precluding summary judgment in this negligence action (see, Andre v Pomeroy, 35 NY2d 361, 364-365), and note that neither side submitted admissible documentary evidence in support of their respective positions (see, Canty v New York City Health & Hosps. Corp., 158 AD2d 271, 272 [police report]; Rue v Stokes, 191 AD2d 245 [MV-104]). Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.