■ FAUSTINA SKINNER, Appellant, v CITY OF GLEN COVE et al., Defendants, and ANN M. CONLAN et al., Respondents. [628 NYS2d 719] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Wager, J.), dated January 11, 1993, which upon granting the separate cross motions of the defendants Ann Marie Conlan and Touring Motors, Inc., for summary judgment dismissing the complaint insofar as it is asserted against them, is in favor of those defendants.

Ordered that on the Court's own motion Faustina Skinner, as administrator of the estate of Roy Skinner, is substituted as the plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the order and judgment is affirmed; and it further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court did not base its decision upon its own assessment of the decedent's credibility, but on the lack of a triable issue of fact as to whether the decedent's trip-and-fall accident occurred on the sidewalk abutting the defendants' property at 162 Sea Cliff Avenue, Glen Cove. In support of their cross motions for summary judgment, the defendants submitted proof that the accident had occurred between two hedges in front of the driveway area between 160 and 158 Sea Cliff Avenue *(cf., Zuckerman v City of New York,* 49 NY2d 557, 563). In opposition, the plaintiff submitted only an attorney's affirmation, that was not based upon personal knowledge of the facts. Thus, the Supreme Court properly disregarded it *(see, Koump v Smith,* 25 NY2d 287, 300; *see also, Matter of O'Hara,* 85 AD2d 669, 671).

Further, the plaintiff cannot rely upon her decedent's purported deposition testimony indicating the area where he fell because that testimony is not part of the record on appeal *(see, Di Blasi v Caldara,* 123 AD2d 738; *see also, Block v Nelson,* 71 AD2d 509, 511). In any event, the purported testimony does not clearly indicate where the decedent fell, and there is no unequivocal indication in the record on appeal that the decedent fell on the sidewalk abutting the defendants' property *(see, Matter of O'Hara, supra).* As the plaintiff did not

meet her burden of establishing the existence of a triable issue of fact as to whether the accident occurred on the sidewalk abutting the defendants' property, the complaint was properly dismissed *(see, Jantzen v Edelman of N. Y.,* 206 AD2d 406; *see also, Rosenthal v Village of Quogue,* 205 AD2d 745). Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.