■ Maria Figueroa, Plaintiff, v Flatbush Women's Services, Inc., et al., Defendants, and Alonzo Sherman, Defendant and Third-Party Plaintiff-Respondent. Rocco D'Onofrio, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [634 NYS2d 518] —In an action to recover damages for personal injuries, the second third-party defendant Onofrio Rocco s/h/a Rocco D'Onofrio appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated June 9, 1994, which, upon reargument, (1) vacated a prior order dated February 17, 1994, (2) denied the second third-party defendant's motion for summary judgment dismissing the second third-party complaint, and (3) granted, in part, the cross motion of the defendant first and second third-party plaintiff for additional discovery.

Ordered that the order dated June 9, 1994, is reversed, on the law, with costs, the appellant's motion for summary judgment dismissing the second third-party complaint is granted, the cross motion of the defendant first and second third-party plaintiff is denied, and the second third-party complaint is dismissed.

The appellant asserted in a sworn affidavit that he was not present and did not administer anesthesia during the abortion procedure upon the plaintiff, Maria Figueroa, on December 26, 1984. He also stated that he had certain readily identifiable facial scarring. This established the appellant's prima facie right to summary judgment dismissing the second third-party complaint thereby shifting the burden to defendant first and second third-party plaintiff, Alonzo Sherman, to show the existence of a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Ferretti v Town of Greenburgh,* 191 AD2d 608; *Rue v Stokes,* 191 AD2d 245 ).

The evidence presented by Sherman in opposition to the appellant's motion failed to meet that burden. Sherman's evidence consisted of an unsworn response to a discovery demand made by the corporate codefendants' then counsel, which asserted upon information and belief, that either one Barry Paper R.N. or the appellant was the anesthetist during the

procedure, together with a purported "chart" that did not bear the appellant's name or accurately state the appellant's initials. Moreover, Sherman did not submit his own affidavit, or any other paper sworn to by him, stating that the appellant was in fact present at Figueroa's abortion and at his deposition Sherman had not been able to identify the anesthesiologist who assisted him except to state that it was a man.

Under the circumstances presented herein, the respondent failed to present sufficient evidence to rebut appellant's prima facie showing of his entitlement to summary judgment *(see, Alvarez v Prospect Hosp., supra)*. It was therefore error for the Supreme Court to vacate the prior order dated February 17, 1994, which granted the appellant's motion. Accordingly, we now grant summary judgment to the appellant and dismiss the second third-party complaint. Bracken, J. P., Miller, Altman and Florio, JJ., concur.