■ PATRICIA A. BENDIK et al., Respondents, v KRZYSZTOF DYBOWSKI et al., Respondents, and BUSHART KHAN et al., Appellants, et al., Defendant. [642 NYS2d 284] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 2, 1995, which denied defendant Gheorghe Stan's motion and defendants Bushart Khan and Sheikh M. Iqbal's cross-motion for summary judgment, is reversed, on the law, without costs, summary judgment is granted, and the complaint and cross-claims are dismissed as to Khan, Iqbal and non-appealing defendant Gheorghe Stan. The Clerk is directed to enter judgment accordingly.

It is well-settled that on a motion for summary judgment, the moving party has the initial burden of demonstrating, by admissible evidence, its right to judgment. The burden then shifts to the opposing party, who must proffer evidence in admissible form establishing that an issue of fact exists warranting a trial (*Zuckerman v City of New York*, 49 NY2d 557, 562; *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967-968; *Singer v Friedman*, 220 AD2d 574, 577; *Frost v County of Rensselaer*, 220 AD2d 969, 970).

In the matter before us, the sworn affidavits and deposition testimony of defendants Stan and Khan indicate that their cars were at a full stop when the taxi occupied by plaintiff, driven by Dybowski and owned by Jenny Cab Corp., hit Khan's vehicle and started the ensuing chain reaction collision. The sworn statements of Stan and Khan, if unrebutted, are sufficient, as a matter of law, to place sole responsibility for the accident with Dybowski and Jenny Cab Corp. (*see, Rue v Stokes*, 191 AD2d 245).

Plaintiffs, Dybowski and Jenny Cab Corp. fail to raise a triable issue of fact. The attorneys' affirmations submitted by plaintiffs and Jenny Cab Corp., which were not based on personal knowledge of the facts, have no probative value (*see, Skinner v City of Glen Cove*, 216 AD2d 381; *Thoma v Ronai*, 189 AD2d 635, *affd* 82 NY2d 736).

Further, unsworn reports do not constitute evidentiary proof in admissible form and may not be considered in opposition to a summary judgment motion (*Rue v Stokes, supra*, at 246-247). The unsworn statement of Dybowski, prepared at his attorney's office, does not constitute evidence in admissible form and defendant has failed to offer an acceptable excuse as to its failure to obtain a sworn, admissible statement from Dybowski (*Grasso v Angerami*, 79 NY2d 813, 814; *Villager Constr. v Kozel & Son*, 222 AD2d 1018; *Rue v Stokes, supra*). In addition, the statement does not qualify for admission as a business record as it was not prepared in the regular course of any business but, rather, was, by its own terms, prepared at defendant's attorney's office for the sole purpose of litigation. Therefore, the unsworn statement cannot be considered in opposition to the summary judgment motion. Lastly, the police accident report, which does not identify the informant, is hearsay and insufficient to defeat this motion (*Siegel v Terrusa*, 222 AD2d 428; *Rue v Stokes, supra*).

We grant Stan's motion for summary judgment, despite the fact that he has not appealed from the IAS Court's order, after searching the record and determining that Stan is entitled to such relief (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111; *Oringer v Rotkin*, 162 AD2d 113, 114). Concur—Murphy, P. J., Ross and Tom, JJ.

Milonas and Nardelli, JJ., dissent in a memorandum by Nardelli, J., as follows: This action arises from a four-car collision. A car driven by defendant Dybowski and owned by defendant Jenny Cab Corp., in which plaintiffs were passengers, collided with a car operated by defendant Khan and owned by defendant Iqbal. This car, in turn, rear ended a car driven by non-appealing defendant Stan which then struck a car driven by defendant Burnett. The motion by Stan and cross-motion by Khan and Iqbal for summary judgment dismissing the complaint was denied by the IAS Court. The majority reverses that order and grants summary judgment to these defendants, including Stan who did not appeal from the order. I disagree and would affirm.

"Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all par-

ties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination. Only if it can be concluded as a matter of law that defendant was negligent, may summary judgment be granted in a negligence action" (*Ugarriza v Schmieder*, 46 NY2d 471, 474).

Initially, I note that the majority dismisses the attorneys' affirmations submitted in opposition to the motions as of "no probative value". However, these affirmations, while admittedly upon information and belief, were *supported* by depositions of the parties and other documentary evidence, and, therefore, were properly "considered by the court" (*Weingarten v Marcus*, 118 AD2d 640, 641).

In the deposition testimony annexed to the attorneys' affirmations, defendant Stan testified that he was *less* than five feet from the Burnett vehicle, that he heard the sound of screeching brakes prior to impact, that he saw *no* brake lights on the Burnett vehicle prior to impact and came to a stop only 10 seconds before the accident. (In another portion, he states he was stopped for 30 seconds before the accident.) The police accident report, made out by a police officer, which was also annexed to the affirmations, states that the Burnett vehicle *slowed down* and that the Stan car struck it in the rear which caused the Khan-Iqbal car to strike it, and which, in turn, caused the cab in which plaintiffs were passengers to strike the Khan-Iqbal car. In looking at the numbered boxes on the report and using the key sheet, the *cause* of the entire chain collision is given by the investigating officer as *"following too closely"*. The testimony together with the police report were certainly sufficient, under the circumstances herein, to raise issues of fact, as to whether defendants-movants shared culpability for the injuries to plaintiffs.

While the majority asserts the police accident report is "hearsay and insufficient to defeat this motion", "[o]ur courts have repeatedly recognized that proof which might be inadmissible at trial may nevertheless be considered *in opposition* to a motion for summary judgment" (*Cohen v Herbal Concepts*, 100 AD2d 175, 182, *affd* 63 NY2d 379 [emphasis added]; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:18, at 325). Thus, the Court of Appeals affirmed our denial of summary judgment based in part upon a police accident report (*Thoma v Ronai*, 82 NY2d 736, 737, *affg* 189 AD2d 635). Most recently, we held, in a case where we reversed the grant of summary judgment to a defendant: "The Police Accident Report listed 'Turning Improperly' as one of the 'apparent contributing factors' to the accident. Even

though no summonses were issued to the [defendant], a triable issue of fact exists as to whether an improper left turn by the truck immediately in front of plaintiff was a proximate cause of the accident." (*Grant v Piniero*, 215 AD2d 144, 145; *see also, DeCosmo v Hulse*, 204 AD2d 953, 955 ["plaintiff's showing in the record supported by sworn affidavit, deposition testimony and a police accident report"]; *Hoey v City of New York*, 187 AD2d 386 ["summary judgment * * * was precluded by triable issues of fact raised by the investigative police accident reports"].)

Justice Wallach of this Court summarized the use of hearsay evidence in motions for summary judgment by noting:

"The fundamental error at the core of plaintiff's position is the mistaken notion that it makes no difference whether hearsay evidence is enlisted for or against summary judgment. This misconception was laid to rest years ago in *Philips v Kantor & Co.* (31 NY2d 307, 312), where Judge Breitel offered the following analysis on the role of such supposedly incompetent evidence in opposing summary judgment: 'In England, where summary judgment originated, the motion is decided, as in the United States, on affidavits (e.g., *United Founders' Trust Ltd.* v. *Fitzgeorge*, 7 Times L. R. 620 [1891]). To defeat the motion the opposing party need not necessarily "show a good defence on the merits if he can suggest some reasonable defence." "Hearsay evidence is not to be shut out" (50 English and Empire Digest 408; *Harrison* v. *Bottenheim*, 26 W.R. 362, 363 [1878]). An affidavit is not conclusive, for "it is impossible to tell what facts may be discovered and relied on by the time the trial comes on" (*Ray* v. *Newton*, [1913] 1 K.B. 249, 258).'

"Thus, it was held in *Kantor* that evidence which might be excludable on the trial because of the bar of the Dead Man's Statute (CPLR 4519) would be sufficient to *defeat* summary judgment at the pretrial state." (*Herstand & Co. v Gallery*, 211 AD2d 77, 82-83 [emphasis in original]).

Finally, the two cases cited by the memorandum for the majority in support of its proposition that the police accident report was hearsay and insufficient to defeat the summary judgment motion do not even deal with police accident reports. Thus, in *Siegel v Terrusa* (222 AD2d 428), the Second Department found that defendant did not meet the evidentiary showing needed to defeat a summary judgment motion by the submission of a hearsay affidavit from the father of the driver in a one-car accident which indicated that a police officer *told* the father that a blow-out had caused the accident. There was *no* police accident report submitted. Likewise, in *Rue v Stokes*

(191 AD2d 245), this Department granted summary judgment to a defendant Serpico on the basis of his *unrebutted* deposition testimony and his MV-104 together with a New York City Police Department accident report, which gave the same account of the accident. We found that an opposing defendant's unsworn self-serving *MV-104 accident report* was insufficient, under the circumstances, to raise a triable issue of fact (*supra*, at 246). Thus, the police accident report *was credited by us* and used to support the grant of summary judgment.