■ GLORIA O. GLASCOE et al., Respondents, v STEPHEN P. KOVICH, Appellant, et al., Defendant. [711 NYS2d 6] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered January 18, 2000, which denied defendant Stephen P. Kovich's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as to Kovich. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This personal injury action arises out of a three-car accident

that occurred on Bruckner Boulevard between Alexander and Willis Avenues, Bronx, New York. Plaintiff Gloria O. Glascoe was operating a vehicle in which her husband, Benjamin Glascoe, was a passenger. Plaintiffs testified that they were stopped at a red traffic light behind a line of other cars when they heard the squeal of car wheels followed by a heavy impact on their vehicle. Plaintiffs testified that they did not notice Kovich's car behind them before the impact.

Kovich averred that he had come to a full stop approximately one-half car length behind plaintiffs' vehicle when he heard a screeching sound coming from the vehicle behind him, which was then followed by an impact. Kovich testified that his vehicle did not come into contact with plaintiff's vehicle, although plaintiffs testified that their car had scratches on the right bumper and that Kovich's vehicle was directly behind their car. Plaintiffs further testified that a big truck, in poor condition, was behind Kovich's vehicle, which vehicle was driven by defendant Craig W. Hatch.

In this matter, Kovich's sworn testimony that he came to a full stop prior to impact is uncontroverted and, further, plaintiffs' testimony that they heard the squeal of a car somewhere behind them is consistent with Kovich's testimony on that point. Moreover, it is undisputed that Hatch's vehicle came into contact with Kovich's vehicle and even if Kovich's car did, in fact, make contact with plaintiffs' vehicle, the foregoing is sufficient to place sole responsibility for the accident upon Hatch (see, Bendik v Dybowski, 227 AD2d 228). Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.