Parts Authority, Inc., Appellant, v
against
Philip Kuruvilla, Respondent. Appellate Term Docket No. 2016-00970 Q C Lower Court # 40312/11 Seymour I. Cohen, Esq., for appellant. Philip Kuruvilla, respondent pro se (no brief filed).



Appeal from an order of the Civil Court of the City of New York, Queens County (Donna Marie Golia, J.), entered November 19, 2015. The order, insofar as appealed from, denied plaintiff's motion for summary judgment awarding plaintiff the principal sum of $6,451.63.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and plaintiff's motion for summary judgment awarding plaintiff the principal sum of $6,451.63 is granted.
In this action to recover on a personal guaranty of a corporate debt of "MatPhil Corp." for goods sold, plaintiff moved for summary judgment awarding it the principal sum of $6,451.63. In an affidavit in support of the motion, plaintiff's president stated that defendant had executed a credit application as a personal guarantor of the corporation's debts, and he described the [*2]circumstances surrounding the execution of the guaranty. Plaintiff appeals from so much of an order of the Civil Court as denied its motion, finding that an issue of fact exists as to whether defendant intended to bind himself as a personal guarantor.
Upon a review of the record, we find that plaintiff's motion for summary judgment should have been granted, as plaintiff established prima facie its entitlement to judgment as a matter of law. Any ambiguity which may have arisen as a result of the fact that certain items were left blank in the guaranty signed by defendant was clarified by the sworn averments of plaintiff's president made on personal knowledge in his affidavit in support of the motion. The burden then shifted to defendant to rebut the prima facie showing by demonstrating the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Defendant failed to submit an affidavit in opposition by one with personal knowledge of the facts so as to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Defendant's opposition papers consisted of an affirmation of defense counsel, who was without personal knowledge of the facts (see Rue v Stokes, 191 AD2d 245 [1993]).
Accordingly, the order, insofar as appealed from, is reversed and plaintiff's motion for summary judgment awarding plaintiff the principal sum of $6,451.63 is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017