■ Isaac Thompson, Respondent, v Robert Pizzaro et al., Appellants. [62 NYS3d 807]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered June 22, 2016, which granted plaintiff's motion for partial summary judgment as to liability, unanimously affirmed, without costs.

Plaintiff satisfied his prima facie burden by submitting photographic evidence of the accident site and an affidavit in which he averred that while turning right from a designated lane, defendants' vehicle, which had been in the lane to the immediate left of plaintiff, turned wide to the right, entered plaintiff's lane, and collided with his car. Unless refuted or excused, defendants' actions violated Vehicle and Traffic Law §§ 1128 (a) and 1163 (a), establishing negligence (*see Delgado v Martinez Family Auto*, 113 AD3d 426, 427 [1st Dept 2014]).

In opposition to plaintiff's prima facie showing, defendants failed to submit any evidence to raise a triable issue of fact, and instead relied solely upon the pleadings and the arguments of counsel. Since counsel claimed no personal knowledge of the accident, his affirmation has no probative value (*Bendik v Dybowski*, 227 AD2d 228, 229 [1st Dept 1996]).

Plaintiff's motion was not premature. Depositions are unnecessary, since defendants have personal knowledge of the facts, yet "failed to meet their obligation of laying bare their proof and presenting evidence sufficient to raise a triable issue of fact" (*Avant v Cepin Livery Corp.*, 74 AD3d 533, 534 [1st Dept 2010]). Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.

■ The People of the State of New York, Respondent, v Jose R., Appellant. [62 NYS3d 808]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Gregory Carro, J.), rendered May 18, 2016, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.