## Beget Sol LLC v Dry

2024 NY Slip Op 33497(U)

October 3, 2024

Supreme Court, New York County

Docket Number: Index No. 151512/2024

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. NICHOLAS W. MOYNE** | PART 41M |
| *Justice* | |

-----------------------------------------------------------------------------X

BEGET SOL LLC,

                         Plaintiff,

             - v -

BARRY DRY, ALEX JONES, ANDREW QUAIL

                       Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151512/2024 |
| MOTION DATE | 05/22/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for                       DISMISSAL                    .

Upon the foregoing documents, it is

       Plaintiff, Beget Sol LLC (Beget), commenced the underlying action against defendants,

Barry Dry (Dry), Alex Jones (Jones), and Andrew Quail (Quail), to recover damages allegedly

sustained as a result of written condominium lease agreements, and alleging claims against Dry

and Jones for breach of lease and attorney's fees, and for a judgment as against Quail for

enforcement of guaranty and attorney's fees. Defendants Dry and Jones now move for an order,

pursuant to CPLR § 3212, granting summary judgment and dismissing the complaint as asserted

against them. Although unopposed, the motion is denied for the reasons set forth below.

Factual Background:

       Plaintiff is the owner of the condominium unit 2A in the building known as "The Esquire

Condominium", and that is located at 330 Wythe Avenue, Brooklyn, New York. Dry and Jones

were allegedly the joint tenants of the 2A apartment unit, having entered into two written

condominium leases for the initial term of February 1, 2019, through January 21, 2020, and then

a renewal for the term of February 1, 2020, through January 31, 2021, in which they jointly and

151512/2024  BEGET SOL LLC vs. DRY, BARRY ET AL
Motion No.  001

Page 1 of 5

severally agreed to make the monthly rent payment of $6,250.00. These lease agreements were allegedly unconditionally guaranteed by Quail. Dry and Jones assert that rent was paid for the lease term, however, plaintiff asserts that Dry and Jones failed to vacate the unit at the end of the lease term on January 31, 2021, and did not vacate said unit until after March 1, 2021. Plaintiff asserts that at the time they actually vacated, Dry and Jones owed $23,100.00 in unpaid rent. Subsequently, in or around February 2024, plaintiff commenced this action against defendants to recover for the outstanding amount allegedly owed.

CPLR 3212:

On a CPLR § 3212 motion, the facts must be viewed in the light most favorable to the non-moving party (*Stonehill Capital Mgt., LLC v Bank of the W.*, 28 NY3d 439, 448 [2016]). Accordingly, the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make such a *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Discussion:

Dry and Jones assert that dismissal of the complaint is warranted as they have established as a matter of law that they are not liable for the monies or rent that plaintiff claims is due and owing. Specifically, defendants contend that as there was not a Certificate of Occupancy (CO) for the building in effect at the time the plaintiff claims the rent was owed, plaintiff is not entitled to recover any unpaid rent for that time-period. Multiple Dwelling Law § 301 (1) proscribes that no multiple dwelling shall be occupied in whole or in part until the issuance of a certificate by

151512/2024   BEGET SOL LLC vs. DRY, BARRY ET AL                              Page 2 of 5
Motion No.  001

2 of 5

[* 2]

the department that said dwelling conforms in all respects to the requirements of this chapter, to the building code and rules and to all other applicable law. Further, Multiple Dwelling Law § 302 designates that if any dwelling be occupied in whole or in part for human habitation in violation of Section 301, during such unlawful occupation, no rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent (MDW § 302 [1] [a]; [b]).

In support of their claim, defendants offer a Certificate of Occupancy; asserting that the CO was issued for the building, establishes the building's number of dwelling units is 77, and that has expired considering the effective date of May 16, 2012, and an expiration date of July 15, 2012 (NYSCEF Doc. No. 12). Defendants assert that this CO, which expired seven and a half (7 ½) years prior to when the first alleged lease took effect, demonstrates that the building does not have a valid CO and that during the applicable lease terms of February 2019 to January 2021, there was no CO in effect for the building or the 2A unit. Dry and Jones contend that without a valid CO, as required under the provisions of the Multiple Dwelling Law, the plaintiff cannot recover for use and occupancy.

However, without more, this CO is insufficient to satisfy the defendants required *prima facie* showing of entitlement to summary judgment on the claim of a breach of lease agreement. This evidence fails to conclusively establish that the plaintiff cannot recover unpaid rent for the subject period where Dry and Jones allegedly failed to vacate, as the purported CO by itself, fails to clearly establish that there was no subsequent CO issued which was in effect at that time, there are outstanding issues of fact as to whether a CO was required based on the building's classifications and/or designations, or if one of the exceptions set forth in Multiple Dwelling Law

151512/2024  BEGET SOL LLC vs. DRY, BARRY ET AL
Motion No. 001

Page 3 of 5

3 of 5

§ 301 apply. While an affirmation of counsel may serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, such affirmation is not a vehicle to submit uncertified documents or unauthenticated photographs (*Brodie v Bd. of Managers of Aldyn*, 226 AD3d 555, 556 [1st Dept 2024]). Considering, the affirmation of defendants' counsel fails to adequately authenticate the CO at issue, such as by detailing where the document originated, indicating whether it is a public record, demonstrating the search methods utilized or discussing the results such search produced, or otherwise establishing that no subsequent CO has been issued or exists for the premises (*see* CPLR §§ 4518; 4540).

Additionally, an affirmation has no probative value where there are no claims of personal knowledge of the facts (*Thompson v Pizzaro*, 155 AD3d 423 [1st Dept 2017]; *Bendik v Dybowski*, 227 AD2d 228, 229 [1st Dept 1996]). Accordingly, as Jones and Dry's affirmations contain the allegations that, "[m]y attorneys have informed me that there is no Certificate of Occupancy ["CO"] for the Unit during the period in question", neither of these affirmations are based on first-hand knowledge, sufficiently authenticate the CO, or have been sufficiently verified in order to be considered as having evidentiary value (*see* CPLR § 2309; *Solorzano v Lophijo Realty Corp.*, 224 AD3d 487, 488 [1st Dept 2024]; *Bendik v Dybowski*, 227 AD2d 228, 229 [1st Dept 1996]; NYSCEF Doc. No. 13; 14 ¶¶ 6, 7 ["My attorneys have informed me that since there is no CO, we do not owe any rent for the Unit"]).

As the defendants have failed at this juncture to conclusively demonstrate the non-existence of a CO for the building and/or plaintiff's lack of compliance with the Multiple Dwelling Law as a matter of law, the motion must be denied (*S & M Enterprises v Lee*, 280 AD2d 265, 266 [1st Dept 2001]; compare *Aurora Assoc. LLC v Hennen*, 157 AD3d 608, 609 [1st Dept 2018]; *E. Harlem MEC Parcel C, L.P. v Smalls*, 82 Misc 3d 127[A] [App Term 2024]).

Accordingly, it is hereby

ORDERED that the motion by defendants, Barry Dry and Alex Jones, seeking summary

judgment and dismissal of the complaint as asserted against them is DENIED.

This constitutes the decision and order of the court.

20241003146092NWOYNE12D2B280EE73498F927EAC9170D4338D

| 10/3/2024 | | | | NICHOLAS W. MOYNE, J.S.C. | |
|-----------|--|--|--|---------------------------|--|
| DATE | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|------------------------|--|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |