Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd. (2025 NY Slip Op 50108(U))

[*1]

Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd.

2025 NY Slip Op 50108(U)

Decided on January 21, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2025
Supreme Court, New York County

Tribeca Space Managers, Inc., Plaintiff,

against
Tribeca Mews Ltd., Harold Thurman, and Brad Thurman, 
 and 25 Myrentco, LLC, Defendants.

Index No. 653292/2013

Rivkin Radler LLP, New York, NY (Evan R. Schieber of counsel), for plaintiff.
Braunstein Turkish LLP, Woodbury, NY (William Turkish of counsel), and Meltzer Lippe Goldstein & Breitstone LLP, New York, NY (Thomas J. McGowan of counsel) for defendants.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 017) 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 553, 554, 555, 556, 557, 558, 559, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577 were read on this motion for PARTIAL SUMMARY JUDGMENT.
The following e-filed documents, listed by NYSCEF document number (Motion 018) 542, 543, 544, 545, 546, 547, 548, 562, 563, 564, 565, 566, 567, 578, 582, 583, 584, 585, 586, 587, 588, 598, 599, 600 were read on this motion for CONTEMPT.
Plaintiff, Tribeca Space Managers, Inc., an incorporated association of owners for the Tribeca Space Condominium, brings this action against Tribeca Mews Ltd. (the condominium sponsor) and its principals, Brad and Harold Thurman, for allegedly failing to fulfill their obligations under the condominium offering plan.
On motion sequence 017, plaintiff moves for summary judgment on liability on its breach-of-contract claim against Tribeca Mews. Plaintiff argues that Tribeca Mews breached its offering-plan obligations by defectively constructing the condominium and failing to secure a permanent certificate of occupancy, as required by the offering plan. Tribeca Mews contends that plaintiff's motion is untimely, that it is based on affidavits from individuals who lack personal knowledge and which are otherwise inadmissible; and that material issues of fact exist over whether the alleged defects or absence of a PCO constitute a breach of the offering plan.
On motion sequence 018, plaintiff moves to restore motion sequence 015—a motion to [*2]hold Tribeca Mews in contempt—because Tribeca Mews assertedly did not comply with the parties' so-ordered stipulation resolving motion sequence 015. 
The motions are consolidated for disposition. Both motions are denied.
DISCUSSION
I. Plaintiff's Motion for Partial Summary Judgment (Mot Seq 017)
Plaintiff moves for partial summary judgment on its breach-of-contract claim with respect to (i) Tribeca Mew's alleged failure to secure a PCO for the condominium as required by the offering plan, and (ii) Tribeca Mew's alleged failure to construct the condominium in accordance with the offering plan.
A. Failure to Secure a PCO
Tribeca Mews agreed under the offering plan to perform all work required to obtain a PCO within two years from the first closing of a unit. (NYSCEF No. 537 at 21.) It is undisputed, however, that Tribeca never obtained a PCO.
Tribeca Mews argues that plaintiff rejected cost-efficient, time-efficient, and unit-owner-friendly approaches that would resolve issues needed to obtain a PCO resulting in years-long delay. Tribeca Mews relies on the affidavit of the Department of Building's architect of record, Steven Kratchman. The architect represents that 10 condominium unit owners filed applications for permits with the DOB to make alterations to their individual units and that it is unable to obtain a PCO until DOB approval is obtained, the alterations are complete, and the permits are closed. (NYSCEF No. 553 at 17-18.) Tribeca Mews therefore contends that it is not responsible for failing to secure the PCO. (NYSCEF No. 559 at 15.)[FN1]

Plaintiff argues the condominium had a temporary certificate of occupancy that lapsed, and that the DOB will not reinstate the TCO until defendant remediates an exhaust shaft issue—something Tribeca Mews has not yet done. According to Stephanie Nussbaum, plaintiff's forensic architect, once Tribeca Mews is close to obtaining the PCO, plaintiff will direct the unit owners to close out open DOB permits for purposes of obtaining the PCO. (NYSCEF No. 570 at 13.) Tribeca Mews argues, however, that plaintiff's actions—such as self-reporting construction deficiencies to the DOB and negotiating ways to remedy the board and DOB's concerns—keeps delaying procurement of the PCO. (NYSCEF No. 553 at 4 [Kratchman affidavit].)
Tribeca Mews has argued, with supporting evidence, that it may not apply for a PCO until the individual unit owners' permits are resolved, and that Tribeca Mews has tried to remedy the exhaust shafts. Plaintiff does not dispute that Tribeca Mews is unable to obtain a PCO until these issues are resolved.
The court concludes that issues of fact exist about whether Tribeca Mews's failure to obtain the PCO constitutes a breach of the offering plan. This issue is therefore reserved for trial.
B. Failure to Construct the Condominium According to the Offering Plan
Plaintiff argues that the offering plan is a contract requiring Tribeca Mews to construct the condominium according to certain specifications. Plaintiff argues that no issue of material fact exists on whether defendant followed these specifications.
Plaintiff lists numerous alleged deficiencies in the condominium, including improper fire-related construction, improper use of combustible materials, failure to comply with [*3]accessibility requirements, and improper protection of exhaust risers. (NYSCEF No. 537 at 11-17.) Plaintiff likens these alleged defects to the material defects found in Board of Managers of Be&commat;William Condominium v 90 William St. Development Group LLC. (2019 NY Slip Op 30612[U], *9-12 [Sup Ct, NY County 2019], affd 187 AD3d 680 [1st Dept 2020].) There, the trial court held that the defects breached the offering plan. (See id. at *12.)
Tribeca Mews disputes these allegations. It argues that building conditions plaintiff points to in its motion papers pose no safety issue or have been remedied or are being remedied. (See NYSCEF No. 553 at 4, 8.) It further argues that the parties' respective architects have conferred several times during this matter to discuss "different concepts to remedy and concerns of [plaintiff] and satisfy the DOB." (NYSCEF No. 553 at 4.) Tribeca Mews argues that the offering plan was flexible about substitutions and materials without requiring prior notice or amendment to the offering plan. (NYSCEF No. 276 at 47.)
Plaintiff's reliance on Board of Mgrs. of the Gateway Condominium v Gateway II, LLC (2022 NY Slip Op 31074(U), *7- 9 [Sup Ct, NY County 2022]), is misplaced. In that case, plaintiff sought partial summary judgment as to liability on the ground that defendant breached its contractual obligation to construct the building in accordance with applicable codes. (Id. at *7.) Plaintiff there supported its summary-judgment motion with affidavits from engineers detailing various construction deficiencies. Defendant did not rebut those affidavits. (Id. at 9.) The motion court therefore granted partial summary judgment.
Here, Tribeca Mews has refuted many of plaintiff's allegations concerning construction defects. A material issue exists about whether the alleged defects are in fact defects and, if so, whether they breach offering plan. Plaintiff's motion for partial summary judgment on its claim for breach of contract is denied.
C. Whether Plaintiff's Motion Relies on Affidavits from Individuals Lacking Personal Knowledge
Plaintiff's motion for summary judgment is supported by (i) an affidavit by Yingying Tan, plaintiff's president, (ii) an affidavit by Stephanie Nussbaum, an associate principal of plaintiff's architectural firm Thompson Tomasetti, and (iii) an affidavit by Linna Hunt, plaintiff's architect. Tribeca Mews argues that the affidavits should not be considered in deciding this motion, because those individuals did not swear to have personal knowledge of the facts. Indeed, Tribeca Mews's counsel argued at the May 14, 2024, oral argument before this court that Nussbaum never "saw," "observed," or "measured" anything that could serve as the basis for her having personal knowledge of the facts. (NYSCEF No. 598 at 10.)
Affidavits without personal knowledge submitted in connection with a motion for summary judgment "have no probative value." (Bendik v Dybowski, 227 AD2d 228, 229 [1st Dept 1996].) Here, Tan and Hunt's affidavits do not state whether they were based on personal knowledge. Accordingly, these affidavits are not probative.
On the other hand, Nussbaum's affidavit states: "I am fully familiar with facts and circumstances hereinafter set forth based on my own personal knowledge derived from multiple investigations of the Condominium, and upon conversations with my colleagues at Thompson Tomasetti who further observed conditions outlined in this Affidavit, including, but not limited to, Christopher J. Sheridan." (NYSCEF No. 522 at 2.) Plaintiff's counsel argued at the May oral argument that Nussbaum "has been in this building, and, we all know that she has observed these conditions." The court therefore concludes that Nussbaum's affidavit is based on personal knowledge and may serve as a basis for plaintiff's motion for summary judgment.
D. Whether Plaintiff's Motion is Untimely
Plaintiff filed its original note of issue in November 2014. (NYSCEF No. 37.) It was vacated and then refiled by plaintiff in April 2015. (NYSCEF No. 52.) Plaintiff filed its motion for partial summary judgment in September 2023. This court's part rules provide that summary judgment motion must be made no more than 60 days after filing the note of issue. Tribeca Mews argues that plaintiff's summary-judgment motion is untimely because the note of issue was filed several years ago.
Plaintiff argues that there was good cause for the delay. Plaintiff argues that both parties engaged in discovery after the amended complaint was filed, as the Appellate Division permitted in this action. The Appellate Division held that this "court should have denied defendants' motion to preclude any evidence of patent and latent defects for which requisite notice was not provided within the specified times, insofar as they pertain to Sponsor's obligations to construct the building to code and in conformity with plans and specifications and to obtain a permanent certificate of occupancy." (Tribeca Space Managers, Inc. v Tribeca Mews Ltd., 200 AD3d 626, 627 [1st Dept 2021].)
Plaintiff attaches copies of the discovery. (NYSCEF Nos. 590 [Exhibit A], 591 [Exhibit B].) Exhibit A is (i) an April 2, 2024, letter from plaintiff to Tribeca Mews attaching an October 25, 2023, memo from Thompson Tomasetti regarding roof loads, and (b) an April 24, 2024, email exchange between defendant's architect, Kratchman, and plaintiff's architect, Nussbaum regarding an engineer report. Exhibit B is an April 25, 2024, email from Tribeca Mews's counsel to plaintiff's counsel regarding the April 24, 2024, email exchange. Plaintiff also argues that the parties engaged in "site visits to jointly inspect the property." (NYSCEF No. 589 at 3.)
Tribeca Mews disputes whether the two exhibits constitute discovery. It argues that they show respective professionals working cooperatively "to do all work necessary to obtain a TCO and PCO for the subject property." (NYSCEF No. 593 at 3.) Tribeca Mews also argues that the site visits were conducted for purposes of obtaining a TCO and ultimately a PCO, not post-note discovery. (NYSCEF No. 593 at 3.) Defendant relies on Ragoonanan v 43-25 Hunter, LLC, in which the Appellate Division held that "[w]hile significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment, the movant must establish that the discovery was essential to its motion." (214 AD3d 831, 832 [2d Dept 2023] [internal quotation marks omitted].) Tribeca Mews further argues that plaintiff offered no excuse about why it waited 20 months after the amended complaint before filing its motion for summary judgment. (NYSCEF No. 593 at 5.)
A party moving for summary judgment outside the statutory or court-imposed time limit must show good cause for the delay. Good cause requires a satisfactory explanation for the untimeliness. (See Brill v City of New York, 2 NY3d 648, 652 [2004] [defendant filed summary judgment motion more than 120 days after the note of issue was filed and did not provide a satisfactory excuse for the delay].) A trial court's "acquiescence in" and "actual knowledge of" ongoing post-note-of-issue discovery is good cause for filing a late summary judgment motion. (Quizhpi v Lochinvar Corp., 12 AD3d 252, 252 [1st Dept 2004].)
Plaintiff's two exhibits and site visits relate to whether patent or latent defects in the condominium demonstrate a failure to construct the condominium according to the code and offering plan. This sort of evidence falls within the scope of the Appellate Division's decision. Plaintiff has shown good cause for its delay in moving for summary judgment.
E. Whether Plaintiff's Attorney's Affirmation is Defective
This court's part rules provide that counsel's affirmation in support of summary judgment must include a note-of-issue filing date. Tribeca Mews argues that plaintiff's affirmation in support of summary judgment does not include the note-of-issue filing date. Plaintiff does not directly address this argument.
A party's filing that does not perfectly follow procedural or substantive requirements is not fatal, absent unfair surprise or prejudice, and may be rectified by amendment. (See Walker v Metro-North Commuter R.R., 11 AD3d 339, 340 [1st Dept 2004] [holding that "failure to comply with CPLR 2215 or 2214 may be excused in the absence of prejudice"].)
Plaintiff did not include the note-of-issue filing date in its initial moving papers. But it refers to it on reply (see NYSCEF No. 577 at 8 and 10) and at the May oral argument (see NYSCEF No. 598 at 16). Moreover, Tribeca Mews has not shown that it has suffered prejudice. Tribeca Mews's argument is unavailing.
II. Plaintiff's Motion for Contempt (Mot Seq 018)
On October 27, 2021, this court entered an oral order requiring Tribeca Mews to use its "very best efforts" to secure a new TCO. (See NYSCEF No. 471 at 2, 17 [order and transcript].) In January 2022, plaintiff moved to hold Tribeca Mews in contempt for violating that order. To resolve that motion, the parties entered into a so-ordered stipulation in August 2022 that imposed specific directives. (NYSCEF No. 544.) Plaintiff claims that Tribeca Mews failed to satisfy at least some of those directives. Tribeca Mews claims that at least some of the directives require plaintiff's cooperation, which it did not receive. Plaintiff now moves to hold Tribeca Mews in contempt for violating the August 2022 stipulation.
To hold someone in contempt, a court must determine that (1) a lawful court order that was in effect clearly expressed as an unequivocal mandate; (2) it appears with "reasonable certainty" that the order was disobeyed; (3) the contemnor knew about the order; and (4) the movant was prejudiced. (McCormack v Axelrod, 59 NY2d 574, 583 [1983].) The movant must establish these elements with clear and convincing evidence. (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015].) The parties here dispute the "reasonable certainty" element.
Tribeca Mews details its efforts in trying to satisfy the August 2022 order. Tribeca Mews provides the court with the history of communication between the parties' respective architects, as well as descriptions of how the DOB, an entity outside of parties' control, plays a critical role in Tribeca Mews's ability to perform under the August 2022 order. Additionally, Tribeca Mews highlights how changes plaintiff made to the scope of work also caused delay.[FN2]
In turn, the court is unpersuaded that it is reasonably certain that Tribeca Mews disobeyed this court's order.
Plaintiff's motion to hold Tribeca Mews in contempt is denied.
Accordingly, it is
ORDERED that plaintiff's motion for partial summary judgment (mot seq 017) against Tribeca Mews is denied; and it is further
ORDERED that plaintiff's motion (mot seq 018) to hold Tribeca Mews in contempt is denied; and it is further
ORDERED that Tribeca Mews serve of a copy of this order with notice of its entry on plaintiff.
Dated: January 21, 2025
Hon. Gerald Lebovits
J.S.C.

Footnotes

Footnote 1:Plaintiff disputes Kratchman's credibility. Plaintiff says Kratchman previously made statements in this case that this court found not credible. (NYSCEF No. 577 at 15.)

Footnote 2:After this court held oral argument in May 2024, each party submitted a letter to the court. In one letter, plaintiff contends that at a July 24, 2024, board meeting, Tribeca Mews's representative stated that "there was no schedule for the exhaust shaft construction work and no proposed date for when one will even be provided." (NYSCEF No. 599.) Tribeca Mews wrote that the representative had no knowledge of the details of the matters of this litigation and that Tribeca Mews performed probe work on at least two units and certain common areas. (NYSCEF No. 600.) These letters further support the position that Tribeca Mews has not disobeyed the August 2022 Order to a reasonable certainty.