## Carrasco v Consolidated Edison, Inc.

2025 NY Slip Op 32326(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 152098/2021

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**               PART                      05M

*Justice*

-------------------------------------------------------------------------------X

MARITZA CARRASCO,

INDEX NO.          152098/2021

Plaintiff,

MOTION DATE          N/A

- v -

MOTION SEQ. NO.          001

CONSOLIDATED EDISON, INC.,CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.,POSILLICO
ENVIRONMENTAL, INC.,THE CITY OF NEW YORK, NEW
YORK CITY DEPARTMENT OF TRANSPORTATION, NEW
YORK CITY DEPARTMENT OF PARKS AND
RECREATION

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion for                          SUMMARY JUDGMENT                          .

Defendants Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc. (collectively, "Con Edison") move pursuant to CPLR § 3211(a)(7) and § 3212 for dismissal of the complaint and, in the alternative, summary judgment in their favor. Con Edison contends that it neither owned, operated, maintained, nor controlled the sidewalk where Plaintiff Maritza Carrasco ("Plaintiff") alleged she tripped on December 5, 2019, and that no evidence supports Plaintiff's conclusory claims that Con Edison created or caused the defective condition.

## BACKGROUND AND PROCEDURAL HISTORY

On December 5, 2019, Plaintiff alleges that she tripped and fell on a broken and uneven section of sidewalk along the north side of East 120th Street between Madison and Park Avenues, adjacent to Eugene McCabe Field (55 East 120th Street). She commenced this action on March 2, 2021, asserting negligence against multiple defendants, including Con Edison (Summons & Verified Complaint, NYSCEF Doc. No. 1). Con Edison answered on July 30, 2021, interposing cross-claims for indemnification (NYSCEF Doc. No. 12).

Following discovery, Con Edison moved on March 18, 2025, for dismissal under CPLR § 3211(a)(7) and summary judgment under CPLR § 3212, submitting (i) an affirmation by Philip J. DeNoia, Esq., describing the scope of Con Edison's liability search (NYSCEF Doc. No. 18), and (ii) an affirmation by Jennifer Grimm, a records supervisor at Con Edison, who conducted a search of all permits, tickets, orders, and Emergency Control System ("ECS") records for the subject sidewalk from December 5, 2017 through December 5, 2019, and located only one ECS ticket concerning a fire in PS 79—entirely unrelated to the sidewalk where Plaintiff fell.

Plaintiff opposed, relying on uncertified FOIL documents showing that Con Edison obtained a DOT permit on November 14, 2014 to open the roadway and/or sidewalk in the referenced block, a 2017 DOT inspection note stating "rd/w was resurfaced, in house," and a Big Apple Map indicating an "obstruction protruding from sidewalk."

Con Edison replied on June 2, 2025, arguing that (i) the FOIL records pre-date the accident by five years and pertain solely to roadway openings, (ii) Plaintiff's materials are inadmissible hearsay under CPLR § 4518, (iii) Plaintiff's own Notice of Claim concedes a tree well immediately adjacent to the defect—an area not maintained by Con Edison—and (iv) a further reply affirmation by Nicholas Palazzo confirms the 2014 permit related to a structure in the driving lane, not the sidewalk.

## ARGUMENTS

In support of the instant motion, Con Edison contends that it is entitled to judgment as a matter of law because it neither owned, operated, maintained, nor controlled the public sidewalk on the north side of East 120th Street where plaintiff fell. Con Edison submits the sworn affirmation of Jennifer Grimm ("Ms. Grimm"), a Con Edison records supervisor, who conducted a comprehensive search of all permits, opening tickets, paving orders, corrective action requests, notices of violation, and ECS tickets for the two years preceding the December 5, 2019 accident. That search uncovered just one ECS ticket relating to an interior fire at Public School 79—far from the accident site—and no documentation of any work on the subject sidewalk. Con Edison argues that, because Plaintiff has alleged only conclusory facts regarding ownership and maintenance—without any admissible evidence of its involvement—their complaint fails as a matter of law under CPLR § 3211(a)(7). Alternatively, Con Edison asserts that it has carried its burden on summary judgment, and Plaintiff cannot raise a material issue of fact to rebut its uncontroverted proof under CPLR § 3212.

Plaintiff argues that she has raised triable issues of fact by producing records obtained through FOIL, which show that on November 14, 2014, Con Edison was authorized by the New York City Department of Transportation to open the roadway and/or adjacent sidewalk on East 120th Street between Madison and Park Avenues. Plaintiff emphasizes that the FOIL records include a March 3, 2017 inspection note remarking "rd/w was resurfaced, in house," and that the accompanying Big Apple Map and legend denote an "obstruction protruding from sidewalk" in the same block. According to Plaintiff, these documents establish Con Edison's prior involvement at the precise location of her fall and demonstrate that additional discovery is warranted under CPLR § 3212(f). Plaintiff maintains that dismissal or summary judgment would be premature because the court should resolve any doubts in her favor and allow her to probe the extent and effect of Con Edison's work.

In reply, Con Edison first underscores that Plaintiff's FOIL documents are hearsay and lack the certification or affidavit foundation required by CPLR § 4518(a), rendering them inadmissible. Con Edison further notes that these records were never disclosed during discovery—even after initial demands served nearly four years before Plaintiff produced them. Con Edison also submits a second affidavit from Nicholas Palazzo, a construction representative, who confirms that the

**152098/2021   CARRASCO, MARITZA vs. CONSOLIDATED EDISON, INC. ET AL**          **Page 2 of 5**
**Motion No.  001**

2 of 5

[* 2]

2014 DOT permit pertained solely to a structure located in the roadway's driving lane—26 feet east of Madison Avenue and eight feet north of East 120th Street—and not to the sidewalk where Plaintiff fell. Con Edison points out that, per Plaintiff's own notice of claim, the raised defect was adjacent to a tree well—an area for which Con Edison has no maintenance obligation. Finally, Con Edison argues that even if the court considered the 2014 and 2017 records, they are temporally and spatially disconnected from the December 2019 accident and thus cannot raise any triable issue of fact.

## DISCUSSION

To survive a CPLR § 3211(a)(7) motion to dismiss, the pleadings must allege facts demonstrating a cause of action, not mere conclusions (*Sweeney v. Sweeney*, 71 AD3d 989, 991 [2d Dept 2010]). Where, however, uncontroverted admissible evidence negates an element of the claim—and no factual inferences save the cause—dismissal is appropriate (*see Flores v. City of New York*, 66 AD3d 599, 600 [1st Dept 2009]).

Summary judgment under CPLR § 3212 is warranted where the moving party makes a prima facie demonstration of entitlement to judgment—tendering evidence sufficient to eliminate any material issue of fact—and the non-moving party fails to raise a triable issue (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]).

The elements of a negligence claim are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of this duty; and (3) causation (i.e. plaintiff's injuries were proximately caused by defendant's breach (*see J.E. v. Beth Isr. Hosp.*, 295 AD2d 281, 283 [1st Dept 2002]).

### A. Con Edison Owes No Duty for the Subject Sidewalk

Here, the admissible evidence submitted by Con Edison conclusively demonstrates that it owed no duty to Plaintiff. As reflected in Ms. Grimm's sworn affidavit—based on a comprehensive, two-year records review—Con Edison neither owned, operated, maintained, managed, controlled, nor supervised the relevant sidewalk (Grimm Aff. ¶¶ 5–7). It is undisputed that the City of New York holds ownership of that sidewalk and, under Administrative Code § 7-210(b), Con Edison is not the owner of the adjoining real property. Accordingly, Con Edison had no legal obligation to maintain the sidewalk in question.

Moreover, Con Edison performed no work on the north-side sidewalk of East 120th Street where Plaintiff's fall occurred. No permit, ticket, or order relating to that location exists for the period December 5, 2017 through December 5, 2019, and the sole ECS ticket concerns a fire inside PS 79—fifty feet west of the incident site—and makes no reference to sidewalk maintenance (Grimm Aff. ¶ 6). Because Con Edison neither created nor caused any dangerous or defective condition on the subject sidewalk, there is no basis for imposing liability.

Plaintiff's complaint pleads only conclusory allegations that Con Edison "owned, operated, maintained, … and created" the defect (Compl. ¶¶ 10–17). Such boilerplate allegations are insufficient when uncontroverted evidence establishes no such involvement (*see Tavarez v.*

**152098/2021   CARRASCO, MARITZA vs. CONSOLIDATED EDISON, INC. ET AL**          **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

*Herrasme*, 140 AD3d 453, 454 [1st Dept 2016]). Accordingly, Plaintiff cannot demonstrate that Con Edison owed her any duty as to the subject sidewalk.

The court declines to countenance any assertion that denying the instant motion is necessary merely to afford Plaintiff an opportunity for further discovery to refine Plaintiff's theory of liability against Con Edison. It is true that, where a summary judgment motion is made before all discovery is complete, the opposing party may show that additional discovery is likely to unearth relevant evidence (*Singh v. New York City Hous. Auth.*, 177 AD3d 475, 476 [1st Dept 2021]). Nevertheless, mere hope or speculation that evidence might be uncovered during discovery does not suffice to defeat such a motion (*id.*). Indeed, rank speculation is no substitute for evidentiary proof in admissible form required to establish a material factual dispute, and speculation alone cannot avert summary judgment (*see Tungsupong v. Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1st Dept 1995]).

Here, Plaintiff has produced no evidence suggesting that Con Edison ever performed work on the subject sidewalk or the structure thereon that could rebut Con Edison's showing. For these reasons—Con Edison's lack of ownership or control over the sidewalk and its complete absence of work in the vicinity—no duty was owed to Plaintiff, no breach occurred, and Con Edison cannot be held liable for negligence as a matter of law.

### B. Plaintiff's FOIL Materials Are Inadmissible and Irrelevant

Plaintiff's opposition relies exclusively on FOIL records and a Big Apple map to show a 2014 permit for sidewalk opening, a 2017 inspection remark, and an obstruction symbol. But these documents lack the foundation of a certified business record or an affidavit from someone with personal knowledge—required under CPLR § 4518(a) (*Viviane Etienne Med. Care v. Country-Wide Ins.*, 25 NY3d 498, 508 [2015]; *Muslar v. Hall*, 214 AD3d 77, 81 [1st Dept 2023]). In the absence of such authentication, Plaintiff's hearsay submissions have "no probative value" and cannot defeat summary judgment (*Thompson v. Pizzaro*, 155 AD3d 423, 423 [1st Dept 2017]).

Even if considered, those records bear no nexus to the 2019 accident. The 2014 permit was issued to open the roadway's driving lane (26 feet east of Madison Avenue, 8 feet north of East 120th Street) and had nothing to do with sidewalk repair. The 2017 note merely confirms roadway resurfacing "in-house"—not sidewalk maintenance. And the map symbol for "obstruction protruding from sidewalk" appears near Madison Avenue, not at the site 69 feet west of Park Avenue where Plaintiff fell. Consequently, Plaintiff cannot raise a triable issue that Con Edison created or maintained the hazardous condition.

### C. No Basis for Further Discovery

Plaintiff requests additional CPLR § 3212(f) discovery, but as articulated above, the mere hope that evidence may be uncovered is insufficient to bar summary judgment (*Singh*, 177 AD3d at 476, *supra*). Con Edison has shown through admissible proof that it was not involved with the relevant sidewalk. No amount of further inquiry can alter the undisputed fact that Con Edison neither owned, maintained, nor caused the defect at issue.

**152098/2021   CARRASCO, MARITZA vs. CONSOLIDATED EDISON, INC. ET AL**   **Page 4 of 5**
**Motion No.  001**

[* 4]

4 of 5

In sum, Con Edison has met its prima facie burden with uncontroverted proof showing it performed no work on the subject sidewalk, owes no duty, and did not cause the defect. Plaintiff's sole attempt to create an issue of fact rests on inadmissible hearsay and irrelevant documents. Accordingly, summary judgment is warranted (CPLR § 3212). In light of this ruling, Con Edison's CPLR § 3211(a)(7) request is moot.

It is hereby

ORDERED that Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc.'s motion for summary judgment pursuant to CPLR § 3212 is granted; and it is further

ORDERED that the complaint as against Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc. is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc., dismissing the action as against Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc.; and it is further

ORDERED that the Clerk of the Court is directed to amend the caption of this matter to remove Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc. as defendants; and it is further

ORDERED that the Clerk of the Court shall mark this action closed as to Consolidated Edison, Inc. and Consolidated Edison Company of New York, Inc.

This constitutes the decision and order of the court.

20250701112104HKINGO005A70XFA9114D50A0C732735387E155

| **7/1/2025** | | | | **HASA A. KINGO, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152098/2021   CARRASCO, MARITZA vs. CONSOLIDATED EDISON, INC. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5

[* 5]